## ALLEN vs. CRARY.

*Replevin* lies against a *plaintiff* in an execution, *by whose direction the execution is levied* upon specific articles of property, which do not belong to the defendant in the execution, but are the property of a third person.

THIS was an action of *replevin*, tried at the Washington circuit in November, 1830, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff sued out a plaint in replevin, for certain articles of personal property levied upon by a deputy sheriff of the county of Washington, by virtue of an execution in favor of the defendant against one *Rowan.* The execution was delivered to the deputy by the defendant, who pointed out the property and directed the deputy to levy upon it ; the deputy went to the places where the property was, informed the persons in possession that he had levied upon it, and requested them to keep possession until he called for it. Within an hour after the levy, the same deputy served a plaint in replevin at the suit of the plaintiff, and summoned the defendant. The defendant pleaded *non cepit,* and on the trial of the cause insisted that the plaintiff could not maintain an action of *replevin,* because he, the defendant, had not taken the property, nor had it at any time been in his possession or under his control. The judge ruled against the defendant, and the jury found a verdict for the plaintiff.

*J. Crary,* in person, moved for a new trial. He insisted that what was done by the deputy did not amount to a levy ; but if it should be considered a levy, he contended that the plaintiff had mistaken his remedy ; that he ought to have brought *trespass,* and not *replevin,* against the plaintiff in the

NEW-YORK,
May, 1833.

Allen
v.
Crary.

execution ; that though replevin might lie against the *officer*, it would not against the *plaintiff*, as it can be maintained only against the person having the actual possession of the proper-ty ; the plaintiff in the execution was not in possession either actually or constructively. He could not maintain an action for the disturbance of his possession, but the officer might.    In replevin the party in possession must be *summoned* to answer the plaintiff in the action, and to him, and not to another, must *return* be made, if return be adjudged.

*S. Stevens,* for the plaintiff.    When a *trespass* is committed by the direction of a third person, he as well as the party do-ing the injury is subject to an action, and by the repeated decisions of this court, it is the settled law of the land that where *trespass* lies, *replevin* may be maintained.

*By the Court,* SUTHERLAND, J.    The only question in this case is, whether replevin will lie against a plaintiff in an exe-cution, by whose direction it is levied upon specific articles of property, which prove not to belong to the defendant in the execution, but are the property of a third person.    Replevin will lie for any tortious or unlawful taking of the property of another ; it will lie where trespass *de bonis asportatis* can be sustained.    Both these points were adjudged in *Pangburn* v. *Patridge,* 7 *Johns. R.* 140, and *Dunham* v. *Wyckoff,* 3 *Wendell,* 280, *and cases there cited.*    To maintain trespass or trover, evidence of an actual, forcible dispossession of the plaintiff is not necessary ; any unlawful interference with the property of another or exercise dominion over it, by which the owner is damnified, is sufficient to maintain either action.    *Philips* v. *Hall,* 8 *Wendell,* 613, *and cases there cited.*    7 *Cowen,* 735. 10 *Mass. R.* 125.    6 *Wendell,* 368.    A sheriff is a trespasser who levies upon goods and chattels which are not the proper-ty of the defendant in the execution ; he acts at his peril in such cases ; his process only authorizes him to seize the de-fendant's property, *Chapman* v. *Andrews,* 3 *Wendell,* 242 ; and if the plaintiff in the execution direct the levy to be made, he is also a trespasser,   1 *Campb.* 187.    The officer in such

a case is his servant or agent, and trespass or replevin would lie against either of them. The evidence in this case shows a regular levy by the officer.

Motion for new trial denied.