## STEWART *vs.* WELLS and JOHNSON

A mere levy upon personal property, by an officer, where it is not authorized by law, is, without either a sale or removal, a trespass.

To maintain either replevin or trespass it is not necessary to show an actual, forcible dispossession of the plaintiff. Any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain either action.

As a sheriff, by levying on goods and chattels which are not the property of the defendant in the execution is a trespasser, if the plaintiff in the execution directs the levy to be made, he is a trespasser also.

The officer, in such case, is the plaintiff's servant or agent, and trespass or replevin will lie against either of them.

In an action of replevin against a sheriff for the act of his deputy, it is sufficient for the plaintiff to show that the deputy was a deputy of the defendant, and that he acted *colore officii*, in order to make his declarations in relation to his official acts, admissible in evidence against the sheriff.

The declarations of a deputy sheriff, made within the scope of his authority and while the process is in his hands and in the course of execution, are to be taken as part of the *res gestæ*, and bind his principal.

Proof of a person's being deputy sheriff, and of his advertising property for sale under an execution, as such, is sufficient to authorize evidence of his declarations, without proving the issuing and delivery of an execution to him.

THIS was an action of replevin, tried at the Washington circuit in June, 1847, before JOHN WILLARD, circuit judge. It was proved that one Trumbull was a deputy of the defendant Wells, who was sheriff of the county of Washington, in 1842, and that Trumbull advertised for sale, as deputy of Wells, the property of the plaintiff. The advertisement stated that the personal property in question had been seized and taken by virtue of an execution against George Stewart, issued out of the supreme court, (which personal property was described therein,) and that such property would be sold on the 12th of October, 1842. The advertisement was dated October 1, 1842, and signed L. Wells, sheriff, by L. Trumbull, deputy. The evidence of the advertisement was objected to. It was proved that Trumbull, about the time of the date of the advertisement,

stated that he had levied on some property by virtue of an execution against George Stewart, and that the property was claimed by the plaintiff. It was also proved that the defendant Johnson, both before and after the supposed levy, said he had made a levy on certain property claimed by the plaintiff, for the debt of George Stewart, and that Trumbull, the deputy sheriff, was going to sell some property, and that he, Johnson, had directed the levy to be made. Johnson claimed to have a judgment against George Stewart. It was proved that the property levied upon belonged to the plaintiff. No objection was made to proof of the declarations of Trumbull. The plaintiff's counsel read in evidence a notice to the defendants' counsel, with an admission of service, to produce on the trial the execution under which the levy was made. The execution was not produced.

The defendants' counsel moved for a nonsuit, on the ground that the taking was not proved, as against either of the defendants. The judge granted the nonsuit, and the plaintiff excepted.

*M. Fairchild & Wm. Hay,* for the plaintiff.

*C. L. Allen,* for the defendants.

*By the Court,* Paige, P. J. The principle is well established that a mere levy upon personal property, by an officer, where it is not authorized by law, is, without either a sale or removal, a trespass. After the seizure under the execution the goods are, in judgment of law, in the possession of the officer; and the person with whom they are left is regarded as his servant. (*Wheeler v. McFarland,* 10 *Wend.* 322; *S. C.* 26 *Id.* 467, 484. 6 *John.* 196. 20 *Id.* 465.) Replevin lies in all cases where trespass *de bonis asportatis* will lie. (10 *Wend.* 322, 349. 7 *John.* 142. 20 *Id.* 467.) Replevin lies for any tortious or unlawful taking of the property of another. To maintain either replevin or trespass it is not necessary to show an actual, forcible dispossession of the plaintiff. Any unlawful interfer-

Stewart *v.* Wells.

ence with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain either action. As a sheriff, by levying on goods and chattels which are not the property of the defendant in the execution is a trespasser, if the plaintiff in the execution directs the levy to be made, he is a trespasser also. The officer, in such case, is the plaintiff's servant or agent, and trespass or replevin will lie against either of them. (*Allen* v. *Crary*, 10 *Wend.* 349.) As in this case the defendant Johnson directed Trumbull to make the levy, the action, as to him, was sustained. It is not denied that either trespass or replevin would have lain against Trumbull; but it is objected that the evidence is insufficient to implicate the defendant Wells. It is insisted, by the defendants' counsel, that the acts and declarations of Trumbull were inadmissible in evidence, because no proof was given of the issuing and delivery of an execution to him. A deputy sheriff is regarded as the agent of the sheriff. His declarations, made within the scope of his authority and while the process is in his hands and in the course of execution, bind his principal. The admissions are then to be taken as a part of the *res gestæ*. (*Mott* v. *Kipp*, 10 *John.* 478. *Benjamin* v. *Smith*, 4 *Wend.* 334, 394, 397. *Cowen & Hill's Notes*, 191. *North* v. *Miles*, 1 *Camp.* 389, 391, *note*.) It was proved that Trumbull was the deputy of Wells. And his advertisement of the property as the deputy of Wells, was also proved. This advertisement was an act *colore officii*—not a mere declaration. I think the proof of his being deputy, and his advertisement of the property, was sufficient to authorize evidence of his declarations. His declarations were not objected to. The advertisement set forth the issuing and delivery of the execution to the sheriff and the levy upon the property. Trumbull also, about the time of the date of the advertisement, admitted that he had levied on some property by virtue of an execution against George Stewart, which the plaintiff claimed. In *McFarland* v. *Wheeler*, (26 *Wend.* 468,) on the trial in the common pleas, proof of the declarations of the deputy, without the production of the execution, was objected to. The objection was overruled, and the supreme court

expressly held that this ruling of the common pleas was correct. Although the judgment of the supreme court was reversed, the correctness of the decision of the supreme court, on this point, was not controverted in the court of errors.

The decision of the supreme court in *McFarland* v. *Wheeler* disposes of the only real question in this case. Parol evidence of the existence of the execution was proper, as its contents were not sought after. (2 *Cowen & Hill's Notes*, 1209 *to* 1212. 1 *Id.* 547, 549.) It was only necessary to show that there was an execution, in order to connect Trumbull with the sheriff; to show that Trumbull was acting *colore officii*. Where there is no question as to the existence of a suit, the time of its commencement may be proved by parol, without producing the writ ; because for that purpose it is not necessary to prove the contents of the writ. (2 *Cowen & Hill's Notes*, 1077.) The execution was not the foundation of the action. The admission of the sheriff that Trumbull, as his deputy, levied by virtue of an execution, would have been competent without production of the execution ; as it proved the only fact necessary to be shown to make the sheriff liable, viz. that the deputy, in making the levy, acted as his agent. In cases where it has been held that the admission of the party is not competent evidence, it was sought to prove the existence of a record, or the existence of facts which could not be proved by parol ; and where the fact sought to be established was the foundation of the action or defence. (10 *John.* 248. 6 *Id.* 9. 1 *Cowen & Hill*, 544. 8 *Wend.* 486.) In a case like the present it is sufficient to show that the deputy sheriff was a deputy of the sheriff, and that he acted *colore officii*, in order to make his declarations in relation to his official acts, at the time, admissible in evidence against the sheriff.

The defendants ought, on the trial, to have taken the specific objection that the execution was not produced or proved. If this objection had been taken, non constat but that the objection would have been obviated by the production of the requisite evidence. The only ground assigned for the nonsuit was that the taking was not proved, as against either of the parties ; not

that the evidence of the taking by Trumbull and Johnson was not sufficient to implicate Wells, because the execution was not proved. Evidence of the taking by Trumbull and Johnson was abundant. Trumbull admitted he levied on the plaintiff's property by virtue of an execution against a third person; and Johnson admitted that he directed such levy to be made. This made them both trespassers. The nonsuit was at least erroneous as to Johnson.

The nonsuit must be set aside, and a new trial granted.

