LEWIS B. RICHARDSON *vs.* RANSOM REED & another.
JAMES M. SKILTON *vs.* WILLIAM WINSLOW & another.

A creditor at whose suit an attachment is made of goods not the property of his debtor is not liable in replevin for the goods attached, either alone, or jointly with the attaching officer.

TWO ACTIONS OF REPLEVIN. The *first* was of goods attached and held by one of the defendants as deputy sheriff, by direction of the other, on a writ sued out by the latter against Emerson Olmstead.

At the trial in the court of common pleas, there was evidence tending to show that some of the goods were the property of the plaintiff. The defendants contended that the attachment of the goods by the deputy sheriff by direction of the attaching creditor, and holding the same so attached, were not such a taking and holding as would render the creditor jointly liable with the officer in this action.

But *Hoar*, J. instructed the jury that if the creditor directed the officer to make the attachment on the writ against Olmstead, and the officer, pursuant to this direction, did attach and hold the goods by virtue of the writ, and any of the goods were the property of the plaintiff, this would be such a taking and holding on the part of the creditor as to render him jointly liable with the officer in this action, although the creditor never took or had the goods in his possession. The jury found a ver dict for the plaintiff as to some of the goods, and for the defendants as to the residue. The defendants alleged exceptions.

*D. S. Richardson,* for the defendants.

*A. R. Brown,* for the plaintiff. In Massachusetts, replevin lies for a wrongful detention, as well as for a wrongful taking of personal property, even if the original taking was justifiable. *Badger* v. *Phinney,* 15 Mass. 359. *Baker* v. *Fales,* 16 Mass. 147. *Marston* v. *Baldwin,* 17 Mass. 606. Rev. Sts. *c.* 113, § 27. Replevin lies for any wrongful taking of goods, for which trespass could be maintained. *Hopkins* v. *Hopkins,* 10 Johns. 369. *Pangburn* v. *Patridge,* 7 Johns. 140. *Dunham* v. *Wyckoff,* 3 Wend.

280. Trespass may be maintained for any unlawful interference with the property of another, or exercise of dominion over it by which the owner is damnified. *Philips* v. *Hall*, 8 Wend. 613. *Wintringham* v. *Lafoy*, 7 Cow. 735. *Gibbs* v. *Chase*, 10 Mass. 125. Therefore replevin will lie against a person by whose directions property is seized, as well as against the officer seizing the property; or it may be brought against both. *Allen* v. *Crary*, 10 Wend. 349. *Flewster* v. *Royle*, 1 Campb. 187.

THE *second* action was replevin of a horse attached on a writ sued out by the defendants jointly against Charles S. Wright. At the trial in the court of common pleas, it appeared that the horse was the property of the plaintiff, and was taken as Wright's property by the attaching officer under the direction of one of the defendants, and afterwards remained in the hands of a keeper with whom the officer left it. The defendants contended that the action of replevin should have been brought against the attaching officer, or his keeper, and could not be maintained against the defendants or either of them. And so *Briggs*, J. ruled *pro forma*, for the purpose of having this question of law determined. A verdict was taken for the defendants, and the plaintiff alleged exceptions.

*J. Q. A. Griffin*, for the plaintiff, cited 2 Rol. Ab. 431; Morris on Replevin, 73; Gilbert on Replevin, 158; Wilkinson on Replevin, 2; *Pangburn* v. *Patridge*, 7 Johns. 140; *Dunham* v. *Wyckoff*, 3 Wend. 280; Com. Dig. Replevin, A; *Allen* v. *Crary*, 10 Wend. 349; *Fonda* v. *Van Horne*, 15 Wend. 631; *Gardner* v. *Campbell*, 15 Johns. 401; *Clark* v. *Skinner*, 20 Johns. 467.

*A. A. Ranney*, for the defendants.

METCALF, J. Though an officer who attaches, and a plaintiff who directs him to attach A's goods, on a writ against B, are joint trespassers, and may be sued jointly in an action of trespass or trover, yet they cannot be sued jointly in an action of replevin. The grounds and incidents of a replevin suit are incompatible with the joinder of the creditor and officer as defendants. The writ of replevin assumes that the goods which are to be replevied have been taken, detained or attached by the defendant, and are in his possession or under his control; and it

directs that they shall be replevied and delivered to the plaintiff, provided he shall give bond conditioned, among other things, to restore and return the same goods to the defendant, and pay him damages, if such shall be the final judgment in the action. But attached goods are in the legal custody and possession of the officer only. The attaching creditor has no property in them, general or special; no right to the possession of them; and no right of action against a third person who may take them from the officer or destroy them. *Ladd* v. *North*, 2 Mass. 516. How then can the goods be returned, on a writ of return or reprisal, to him who never had possession of them, nor the right of possession? Or how can he be entitled to damages for the taking and detaining of goods in which he had no property?

The plaintiffs' counsel cited *Allen* v. *Crary*, 10 Wend. 349, as an authority for sustaining these actions. In that case the plaintiff, whose goods had been taken on an execution against a third person, maintained replevin against the judgment creditor who directed the officer to take the goods. The court proceeded on the ground that, as both the officer and creditor were trespassers, replevin would lie against either of them, because it would lie wherever trespass *de bonis asportatis* would. And in a subsequent case in the same state, the court maintained an action of replevin against the officer and creditor jointly. *Stewart* v. *Wells*, 6 Barb. 79. But we cannot admit the position that replevin will lie wherever trespass *de bonis* will. The two actions are not, in all cases, concurrent. By the common law, replevin cannot be maintained where trespass cannot; for, by that law, an unlawful taking of goods is a prerequisite to the maintenance of replevin. 2 Leigh N. P. 1323. *Meany* v. *Head*, 1 Mason, 322. *Hopkins* v. *Hopkins*, 10 Johns. 372 But trespass will lie in cases where replevin will not. Replevin, being an action in which the process is partly *in rem*, will not lie where it is impracticable or unlawful to execute that part of the process according to the precept. Thus, replevin will not lie against him who takes goods and destroys them, or sells and delivers them to a stranger; yet he might be sued in trespass. So where an officer seized A's property, first on an execution

against B, and then on an execution against A, it was held by the court which decided the case of *Allen* v. *Crary,* that although A might maintain trespass for the first seizure, yet he could not replevy the property; because he had no right to the possession of it after the last seizure. *Sharp* v. *Whittenhall,* 3 Hill, 576. In that case, and in *Brockway* v. *Burnap,* 12 Barb. 351, the former *dicta,* that replevin would lie wherever trespass *de bonis* would, were denied; and in the latter case it was said that in *Allen* v. *Crary* the court, by sustaining replevin against a defendant who had not the property in his possession, " pushed out the analogy between trespass *de bonis asportatis* and replevin further than is warranted by the cases." See also *Roberts* v. *Randel,* 3 Sandf. 712, 713.

In our opinion, replevin cannot be maintained, in this commonwealth, against a person who has no possession or control of the goods to be replevied ; replevied goods cannot be restored and returned to a person from whom they were never taken; and such person cannot rightfully be made a defendant, sole or joint, in an action of replevin.

*Exceptions sustained, in the first case ; overruled, in the second*