ADAM WEBER *v.* HORATIO N. FERRIS, *and others.*

The sheriff, under an indemnity from a subsequent execution creditor, and at his instance, sold property upon which he had previously formally levied under a prior execution, in favor of another creditor against the same defendant. The sheriff applied the whole proceeds of the sale to the satisfaction of the prior execution.

*Held,* That the subsequent creditor, as the indemnitor and director of the sheriff, was liable, in an action by the owner of the property sold, as an original trespasser, and that the fact that the proceeds of the trespass went to satisfy the first execution, did not tend to mitigate the damages.

APPEAL by the defendants from a judgment entered on the report of a referee.

The defendants in the action had judgment and execution against the plaintiffs' vendor, upon which they indemnified the sheriff, who thereupon sold out all of the plaintiff's proper-

ty, and applied part of the proceeds to a prior execution, under which formal levy had been made.

The action was brought and tried before a referee for damages, who found as a fact, that the plaintiff's purchase from the defendant in the executions was *bonâ fide*, and that he was the owner of the property seized and sold, and gave judgment for the plaintiff, from which judgment the defendants appealed to the General Term.

*S. B. Cushing*, for appellants.

*Charles Fraser*, for respondent.

BY THE COURT.—BARRETT, J.—This appeal presents no questions of law, and after a careful review of the case, we find ample evidence to sustain the Referee's findings of fact.

The defendants as indemnitors and directors of the sheriff, are liable as original trespassers (*Herring* v. *Hoppock*, 15 N. Y. R. 409; *Fonda* v. *Van Horn*, 15 Wend. 632; *Davis* v. *Newkirk*, 5 Den. 92; *Root* v. *Chandler*, 10 Wend. 110; *Allen* v. *Crary*, 10 Wend. 349). There is nothing in the point that the goods had been previously levied upon under a prior execution. That was a mere formal and technical levy, which the officer would not have pressed, without an indemnity. It was made in the ordinary routine of duty, without instructions from the plaintiff in the execution. The seizure and sale of the goods, and their consequent loss to the plaintiff, resulted from the special instructions, and indemnity given upon their execution, by the present defendants. The application of the proceeds of the trespass was immaterial and the fact that they went to satisfy the first execution, did not tend to mitigate the damages. The trespass consisted in the seizure of all the property, and the defendants, as directors and indemnitors, are liable for its full value. If they were unwilling to assume so great a responsibility, the particular part of the property upon which a levy was to be risked should have been pointed out and separated.

The judgment should be affirmed.