# ORLEANS COUNTY,

[Continued from page 440.]

## Theodore Tripp *v.* Carlos B. Leland.

Replevin lies against a plaintiff in a writ of attachment, by whose direction it has been served by attaching specific articles of personal property in question, which does not belong to the defendant in such writ, but is the property of a third person, the plaintiff in the replevin; the defendant in the replevin suit having been present with the attaching officer participating in the taking of the property, on his writ, and claiming title to the property independent of the attachment, and having caused the attachment for the purpose of obtaining possession of the property.

This was an action of replevin for a logging chain. Plea, the general issue. Trial by jury, December term, 1867, Steele, J., presiding.

The plaintiff himself testified that he saw the defendant take the chain in question off a sled on the premises where the plaintiff lived, and hand it to Charles W. Smith, a deputy sheriff; that the chain was worth five dollars, and was his property. John Tripp, a son of the plaintiff, testified that the chain was his father's, and that this defendant had accused him (John Tripp) of stealing a part of it, and that he had sued this defendant for slander in making such accusation; that the defendant had, after the slander suit was instituted, commenced a suit against him on book account and attached the chain; that the slander suit is still pending.

James Buswell testified that he served the writ of replevin in the back office of John P. Sartle, Esq., and at that time the defendant was in the back office with the chain in his hands.

Upon this testimony the plaintiff rested.

The following is the testimony on the part of the defense:

Charles W. Smith, deputy sheriff.—I served the book account writ. Mr. Sartle told me to attach a certain chain. Told me to ask Leland (the plaintiff in the book account suit, and the defendant in this,) to point out the chain to me. Leland went with me to Tripp's, and we commenced to look over chains, and finally he identified the chain he wanted attached. He pointed out what one he wanted taken. Don't know whether he handed it to me or

pointed it out to me and I took it. I took the chain to Sartle's office and left it. When I left Sartle's office with the writ, I went directly to Leland's house. I was aware of the object of securing the chain, but can't tell whether Sartle or Leland told me. Leland did not act shy about touching the chains. We handled the chains together.

Recalled.—When I left the chain with Sartle, I asked him to keep it safely for me, and he said he would.

C. B. Leland, defendant.—Mr. Smith came to me in the woods and wanted me to go and point out the chain that there was a dispute about, and I claimed. He said Sartle wanted me to show it. I went, pointed it out. Smith took it and handed it to me to throw into the sleigh. I said no, you can throw it in as well as I. Then he threw it in. I was at Sartle's office to compare another chain with it when it was replevied. Had no particular interest in getting this chain myself. Presume I took hold of the chain at Tripp's. Mr. Sartle had told me if he sent Smith, to go with him. I think Smith took the chain off the sled himself. Mr. Sartle was my counsel in the slander case. Sartle said he wanted to see the chain. Don't recollect ever talking how he could get it. I knew before that that I was going to sue Tripp on book account. Might have been talk between Sartle and me that the chain could be got on that writ.

J. B. Robinson saw the officer in Sartle's back office when he came to replevy the chain. The defendant was not in there, he was in the front office with Richard Kimball. I had the chain in the back office making a pattern of it on paper. The cross examination did not vary the testimony.

John P. Sartle.—John Tripp sued Leland in slander. I was counsel for Leland. While the case was pending Leland left in my hands for collection an account against John Tripp. Before Leland left the village, after he handed me the account, I sent word to him that if I should send Smith up to him that I wanted him to show Smith the chain so I could have Smith attach it. I wanted to see it and show it to some mechanics and the administrator of an estate from whom we expected important proof. Smith got the chain and brought it to me. I told Leland to bring down a chain he claimed a part of this was taken from. He did so, and when the chain was replevied we were comparing them—Mr. French, Robinson and myself, in my back office. We called Leland in to agree on the value of the chain.

Upon this testimony the defendant rested, no question being made but that Smith was a deputy sheriff, and attached the chain on

a valid writ, *C. B. Leland* v. *John Tripp*. The plaintiff's testimony in reply added no new features to the case. The cross examination of the plaintiff, and of John Tripp, had left it doubtful whether the chain was not in fact John Tripp's property, instead of the plaintiff's.

The defendant requested the court to direct a verdict for the defendant, upon the ground that the officer who took the chain should have been joined with the defendant, if any suit could be maintained at all ; and also claimed that the suit could not be maintained against the defendant, because he did not take, and had no possession of the chain. The court overruled both these objections made by the defendant, and ruled that upon the evidence the only question for the jury was as to the ownership of the chain. To all which the defendant excepted.

The defendant did not desire to go to the jury upon the question of title alone, and the court thereupon directed a verdict for the plaintiff, for nominal damages and costs.

*William W. Grout,* for the plaintiff.

I.   Upon the defendant's evidence no question can be made but the defendant would be liable in trespass or trover, and the plaintiff contends that if liable in trespass or trover, the defendant is liable in replevin. The plaintiff cites *Esty* v. *Love et al.,* 32 Vt., 744 ; *Briggs* v. *Gleason,* 29 Vt., 78 ; *Angell* v. *Keith,* 24 Vt., 371 ; Bennett's Justice, p. 145 ; Oliver's Precedents, p. 542 ; 2d Rol., 431, 1, 5 ; Chitty's Plead., (11 Am. ed., from 6 and 7 Lond. ed.,) 1st vol, p. 162 and note 2, p. 164 and note 1.

As to nonjoinder of the officer, the plaintiff says that in case of several joint *tort feasors,* it is always optional with the plaintiff to proceed against any one or all.

If the above premises be correct, then the court below did not err in ordering a verdict for the plaintiff, after the defendant had waived all question as to the plaintiff's title to the property replevied.

*John P. Sartle* and *Dale & Robinson*, for the defendant.

The object of the action of replevin is to accomplish that which trespass will not, viz: To recover the possession of the property. None of its leading features have reference to the punishment of the defendant, or remuneration to the plaintiff for any damage he has suffered. In all of its material purposes, it is a proceeding *in rem*, and the suit can only be maintained against him who has the actual possession. Even if the defendant in this case advised the taking of the chain (which is more than the case shows) trespass might lie, but replevin would not simply for the purpose of remedying a. wrong done by that advice. The only errand this action is capable of performing is to go in pursuit of the property *where it* is, and return it to its rightful owner. The property in question was in the legal custody and possession of the officer only. In respect to the control or custody of the property, the attaching creditor had no right or authority whatever, and having neither the actual nor constructive possession there was nothing to take from him to return to anybody. Therefore no foundation for this suit. The officer being the only rightful custodian of the property, he had a right to constitute J. P. Sartle his bailee, and the fact of Mr. Sartle's being attorney for Leland is not inconsistent with his being such bailee. Witness Smith says distinctly that when he delivered the chain to Mr. Sartle he asked him to keep it safe for him and Sartle said he would do so. How can the fact, that Mr. Sartle was employed by the attaching creditors in another capacity, disqualify him from assuming the office of keeper of the chain for the officer. The object of this suit is not to punish the defendant for identifying the chain, nor is it to amend any wrong done to plaintiff, which is the consequence of any advice or direction of the attaching creditor, but its central object is to restore the property to its rightful owner.

The defendant could have no constructive possession through Mr. Sartle, because legally he had no property in the chain, either general or special, and consequently no right to possess it, his relation to the transaction as attaching creditor precluding him from any such possession or right. The fact that Mr. Sartle was at-

torney for him in a book account action would not confer it upon him. In *Richardson* v. *Reed et al.*, 4 Gray, 441, the creditors directed the officers to attach the property, and the court held that the action would not lie. In this case the defendant did less; he only identified or "pointed out" the property.

The conclusion of the case shows the fact to have been that the defendant " did not take" and hold possession of the chain. It was upon the defendant's claim as to what the evidence tended to show that the ruling was based. From the case above cited, BAR-RETT, J., quotes with approbation the following : " The writ of replevin assumes" that the goods which are to be replevied have been taken, detained or attached by the defendant, and are in his possession or under his control. In what possible way could the defendant control or possess the property in question ? Neither his relation to the case nor that of Mr. Sartle gave him any right to either direct as to or control the custody of this chain. And in the case of *Esty* v. *Love et al.*, 32 Vt., 744, the court evidently states as an essential element in the structure of replevin that the attaching creditors not only must participate " in the original taking," but have the actual possession of the property *up to the time of the service of the replevin.* As the suit is now brought, the property is taken from the officer to whom its possession belongs, and a bond is executed conditioned that if the plaintiff fails, the property shall be returned to the defendant who has no right to possess it, and no security is given for its return to the officer.

The opinion of the court was delivered by

PECK, J. The chain in question at the time of the service of this replevin writ, was under attachment in a suit in favor of this defendant against John Tripp, a son of the plaintiff. The only question presented is whether replevin will lie against this defendant, the attaching creditor, under the circumstances disclosed by the evidence ; or if so, whether it will lie without joining the attaching officer as co-defendant. It is insisted that the officer who attached the property is the proper and necessary party defendant. In *Allen* v. *Crary*, 10 Wend., 349, it is held that replevin lies

against a plaintiff in an execution, by whose direction the execution is levied on specific articles of personal property, which do not belong to the defendant in the execution, but are the property of a third person, the plaintiff in the replevin suit, notwithstanding the creditor in the execution was never in possession of the property. The court put it on the ground that in such case the officer is trustee as the servant or agent of the creditor at whose direction he attached the specific property in question. But in *Richardson* v. *Reed et al.*, and *Skilton* v. *Winslow*, 4 Gray, 441, (the first being against the attaching officer and the creditor, and the second against the creditor alone,) it was held that the action would not lie against the attaching creditor alone, or jointly with the officer. In these two last cases also the attaching creditor was never in possession of the property. In such case, where the attaching creditor is liable in trespass or trover, looking simply at the rights of such creditor, there does not seem to be any satisfactory reason why he might not as well be held liable in an action of replevin. But there are some difficulties in allowing an action of replevin, in ordinary cases, against the attaching creditor alone, at the suit of a third person. These objections are summed up by METCALF, J., at the close of his opinion in the cases above referred to in 4 Gray, in which he says: " In our opinion replevin cannot be maintained in this commonwealth against a person who has no possession or control of the goods to be replevied; replevied goods can not be restored and returned to a person from whom they were never taken; and such person cannot rightfully be made a defendant, sole or joint, in an action of replevin." It may with propriety be said that in case of attachment of property by several creditors, the attaching officer would be a proper, if not a necessary party, to protect the rights of all the attaching creditors. It is unnecessary to say whether we should follow the decision in New York, or that in Massachusetts, if nothing appeared in this case to distinguish it from the cases in which those decisions were made. In the case at bar, when the attachment was made by Smith, the deputy sheriff, this defendant was present and participated in the taking and carrying

away the chain, either by taking it and handing it to the officer for that purpose, as the plaintiff's evidence tended to show; or, as the defendant's evidence tended to show, by looking over and handling this plaintiff's chains, this among the rest, and pointing it out, and directing the officer to take it, as the officer did in this defendant's presence. Again, when the writ of replevin was served, and the chain taken upon ·it, it was either in the actual personal possession of this defendant, according to the plaintiff's evidence; or in the possession of Mr. Sartle, his attorney in the slander suit, and in the suit on which it had been attached, as the defendant's evidence was.

We are not prepared to say that these facts, if we should adopt the principle of the Massachusetts decision, would be sufficient to obviate all the difficulties that might arise in sustaining replevin of this character against the attaching creditor alone. But in this case it appears that the defendant in this replevin, before he caused the property to be attached, and subsequently, was claiming to be the owner of the chain, or a part of it; that John Tripp, this plaintiff's son, then had an action of slander pending against this defendant for accusing him of stealing this chain; and that the purpose of attaching this chain was to get possession of it for the purpose of using it as evidence in the defense of the slander suit, or in preparing the evidence for the defense of that action. The officer would be a competent party defendant to try his right to the custody of the property, so far as that right was created by the attachment he had made. But to try the question of this defendant's ownership of the property, which he was asserting, he himself was the proper party. The plaintiff, knowing that the defendant claimed title to the property, had a right to suppose that title would be asserted and relied on in defense of the action of replevin; and was justified in bringing his action as he did against the proper party for that purpose. The defendant having thus asserted title to the property independent of the attachment, and obtained possession of it in the manner and for the purpose already stated, can not be permitted to defeat the action by an attempt to shield himself from liability on the ground that the

remedy is against the officer. The ruling of the county court was correct. So far as the officer has a right to the possession of the property, by virtue of the attachment in favor of the plaintiff, he only represents the interest of this defendant acquired by his attachment. The attaching officer had notice of this suit, as he was a witness for the defense on the trial, and it is to be taken that no other liens, by attachment or levy, existed in favor of the officer under process in favor of any other creditor, as he disclosed none. We see no inconvenience or detriment that can result from sustaining this suit, without the officer being made a party defendant.

The judgment of the county court is affirmed.