Scott, J.
The action below was brought, in replevin, by plaintiffs in error, to recover the possession of specific personal property, from defendant in error. The necessary affidavit, to entitle the plaintiffs to an order of delivery, was duly made and filed with the clerk, together with a petition, in the usual form, on the 18th day of November, 1872; and at one o’clock, p. M., of that day, a summons, and order of delivery, was duly issued by the clerk, directed to the sheriff of Hamilton county. The petition was in the usual form, and contained all the necessary allegations.
Defendant in error answered, denying that plaintiffs were the owners of the property described in the petition; denying also, that he wrongfully detained said property; and averring that said property was rightfully in the possession of one Charles E. Young, his assignee, at the time said writ of replevin was executed, and said property taken under said writ of replevin.
Upon the trial of the cause to a jury, at special term, it was made to appear by the evidence, that the writ of replevin in the ease was issued at one o’clock, p. m., on Noveniber 18,1872, and that at four o’clock, p. m., of said day, defendant made an assignment of all his property, for the benefit of his creditors, to the said Charles E. Young, “ before the service of the summons or order of delivery; and that said Young, claiming the goods in question as Bickley’s property, took possession of them, and that they were taken from him by the sheriff, on the 19th of November, under said writ.” The plaintiffs offered evidence tend-ding to prove title in themselves, at the date of the writ, but the court charged the jury, that if they found the facts to be as above stated, they must find for the defendant. Under this instruction the jury found a special verdict, as follows: “We, the jury, find that, at the time of the service of the order of delivery herein, the goods and chattels described in the petition and order of delivery, were not in the possession of the defendant, and not unlawfully detained by him, but were in the possession of Charles E. Young.” On this verdict, judgment was entered for de *528 fendant; which on petition in error was affirmed by the court in general term. The assignment of error here, and in the general term, presents the question whether the court below erred in the instructions given to the jury ; and in the rendition of judgment for the defendant upon the verdict of the jury. The record shows that in executing the order of delivery, the sheriff took/the property described therein, and delivered the same to the plaintiff, upon the execution of an undertaking with satisfactory sureties, as required by statute; and the sole question in the case is, whether the right of the plaintiff, in replevin, to maintain his action, depends on the unlawful detention of the property, by the defendant, at the time of the issuance of the order of delivery, or at the date of its execution. In other words, can a defendant in replevin, after the issuance of the writ, and of the order of delivery, defeat the plaintiffs’ right of recovery, by a transfer of the possession of the property in controversy to another, before the execution of the order of delivery ? In answering this question in the affirmative, as the court below clearly did, we think it erred.
The rights of the parties to an action, ordinarily, depend on the law applicable to the state of facts existing at the commencement of the action. The proceedings in an action of replevin are regulated by statute; and we see no good reason why such an action should form an exception to the general rule just stated. The proceedings are regulated by sections 174 to 190 of the code; and in sections 183 and 184, the damages to be recovered in a certain event, by the defendant, are expressly made to depend on the extent of his rights at the'commencement of the action, which is to be ascertained by the verdict of the jury.
Section 183, provides for cases, where the property has been delivered to the plaintiff, and the defendant is entitled to judgment, upon demurrer, or on failure to prosecute. The jury in assessing damages, to defendant, shall inquire as to the right of property and possession, “at the commencement of the action.”
Section 184 embraces cases where the property has been *529 delivered to plaintiff, or remains in the sheriff’s hands, and the issue joined is found for defendant, and fixes the same-time for determining defendant’s rights and assessing his-damages.
Section 185 provides for like cases, where the plaintiff! prevails, and for assessing his damages for detention. This' section, and the first clause of section 184, are the complements of each other, when the property has been delivered to the plaintiff under the order of delivery. Under section 184, the commencement of the suit is fixed, by statute, as the time for determining defendant’s rights. Section 185 is silent as to the time, but no reason is perceived why the same time should not determine also as to plaintiffs’ rights.
Neither of these sections provides for cases where the property has not been taken, or has been returned to the defendant. In such eases the action proceeds as one for damages only (section 186), and the common-law rule, that the rights of the parties would be determined as they existed at the commencement of the action, would govern.
This construction gives a uniform rule in all such actions, corresponding with the general rule in all other civil actions, that the rights of the plaintiff, as against a defendant, are to be. determined as they are at the time he commences his action, and are not contingent upon an uncertain event, such as the time the writ may be served.
By section 20, of the code, actions are deemed to be commenced at the date of the summons served, and by section 78, the action is pending as to third persons, when summons has been served or publication made. This action was, therefore, commenced November 18, 1872, at one o’clock, p. m., and the plaintiffs’ right to maintain it, depended on their right of property and right of possession at the date, and not upon their rights as they might be at some future day, when the order of delivery was served.
By section 174, the plaintiff, may, at the commencement of bis action, or at any time before answer, claim the immediate delivery of the property, so that the service of the *530 writ of replevin, may be delayed many days. These delays may defeat his right to seize the property, but they can not defeat his right of action. The failure to seize the property, or the unlawful seizure of it in another’s possession, will not defeat the action. In either case, the action proceeds as one for damages. If this were not so, the plaintiff might be kept in a perpetual round of suits, without effect. If plaintiffs’ right of action depended on actual possession and detention by defendant at the moment of ‘Service of the writ, what is to prevent a defendant, after knowing that an action has been commenced, from shifting the property to another before seizure, aud so the game might be repeated as often as persons could be found to take part in the fraud. Burnley v. Lambert, 1 Wash. 403.
If we examine the decisions in the common-law action ■of detinue, which is quite analogous to our statute, in replevin, where the property is not taken, we shall find, that 'in that form of action, as well as in this, the wrongful detention of the property was the gist of the action. 3 Black Com. 151, 152; Co. Litt. 2856; Bouvier’s Law Dict., Detinue.
It was incumbent on the plaintiff to show an absolute or •special property in the goods, with the right to the immedi-ate possession, and also actual possession or controlling power over the goods, by defendant, at the date of the writ. Selwyn’s N. P. title, Detinue and Notes.
In Burnley v. Lambert, supra, it was said: “Proof of possession, prior to the suit, ought to charge the defendant, unless he has been legally evicted, which is incumbent on him ■to show.”
Lynch v. Thomas, 3 Leigh (Va.), 682, was an action in ■detinue. It was held that if the plaintiff proved he had title at the time the writ was brought, and that the defendant then had possession, the defendant, to defeat the action, must show that he had been divested by due course of law. To the same effect are Jones v. Dowle, 9 Mees & Welsby, 18, ¡and Garth v. Howard, 5 C. & P. 346.
Jones v. Dowle, was in detinue for a picture bought at *531 .auction, with a plea of non detinet, by defendant, who was the auctioneer that had sold plaintiff the picture, but had delivered it to another. After demand, and after defendant ■had delivered the picture to the other person, plaintiff brought his action, against the auctioneer, and it was urged that the action could not be maintained against him, as the •picture was not within his possession or control, but Baron, Parke said: “Detinue does not lie against a person who never had possession of the chattel, but it does against him who once had it, but has improperly parted with the possession of it.”
So, in Garth v. Howard, it was held, that if A., without authority, pledges to C. the property of B., the latter may maintain a joint action against both, in detinue, though the actual possession is in C. alone. This principle, was applied in Nichols v. Michael, 23 N. Y. 264, where it was held that the fraudulent vendee of goods, and his assignee, were liable jointly, in an action, in replevin, under the New York •code, which is quite like ours, though the assignee only, was in actual possession. The court, per Selden, J., in an able opinion, applied the rules governing in actions of detinue, and held the fraudulent vendee, who had, before the action was commenced, assigned the goods to one Pinner, for the benefit of his creditors, was liable in replevin jointly with his assignee, though he then had no possession or control over the goods, and cited with approbation the language of Baron Parke, above quoted.
Again, what constitutes a wrongful detention, is often a mixed question of law and fact. The maxim qui faeit per alium faeit per se, sometimes applies. Thus, in Allen v. Crary, 10 Wend. 349, it was held that an execution creditor, under whose direction the sheriff seized property of another than the debtor, was liable to an action of replevin by the owner, although he never had actual possession or ■control of the property, which had remained in the sheriff’s custody. It was there said the sheriff was a trespasser, and, if the plaintiff in execution directed the levy, he also *532 was a trespasser, and the officer was only his agent or servant.
That wrongful detention is essential to an action of replevin is clear, but that it must, in all cases, be an actual manual possession in fact, is not supported by either reason or authority; I apprehend the possession of an agent for his principal, of a partner for the firm, of one of several joint wrong-doers for his associates, as well as himself, and like cases, would constitute a wrongful detention by the principal, the partnership, or by all joint wrong-doers, as the case might be, and that, in such cases, the latter might be properly made defendants.
Ramsdell v. Buswell, 54 Maine, 546, holds that “ replevin is maintainable only against a person having possession or control of the chattels to be replevied.” We cite this because it is relied on as an authority in support of the court below, but it fails to do so. There, the proof tended to-show that, prior to the date of the writ, the defendant had sold the property, and that, at that time, it was in the possession of the purchaser.
The point is thus stated in the opinion : “ In the case-at bar, the court finds that the defendant neither owned the property, nor had it in possession at the date of the writ.” There was no claim that the prior sale of the property was-fraudulent or collusive, nor that the purchase was not, in all respects, bona fide; and the holding was that the action in replevin did not lie, because there was no unlawful detention at the date of the writ. Upon the facts of that ease,, it is in harmony with the conclusion we have reached.
Our case differs from that in this-: — that, at the commencement of the action, and the date of the writ, the defendant was in possession and control, while in that he was not. In this, the question is, could defendant defeat the action,, after it was commenced, by r transfer of the property to a trustee for creditors ? while, m that, it was whether a bona fide sale, before action commenced, defeated the action.
Again, it is urged that the seizure in the hands of Young, assignee, was illegal; that to sustain this action *533 will give plaintiff’ an advantage over other creditors; and that the real party to this controversy is not the defendant, 'but his assignee.
The plaintiff’ does not claim as a creditor. If the goods were his, creditors are not prejudiced ; if they were defend•ant’s they can not be, as neither they, nor Young, as their trustee, are parties to this action. Their rights against either the plaintiff or against the sheriff’, if any they have, remain unimpaired by any judgment in this action.
If plaintiff sustained the allegations of his petition, he was entitled to damages for the wrongful detention of the ¡property by defendant.

Judgment reversed, and cause remanded.