LANDON, J.
I advise reversal. The judge directed a verdict. The jury might have found upon the evidence; (1) that Be Forrest, the vendor of the furniture to Saunders, never forfeited Saunders’ right to pay the balance due the vendor upon it; (2) that Brewer, in paying the vendor the balance due from Saunders thereon, did so as the tenant of Saunders, or as his agent and manager; (3) that die bill of sale from the vendor, DeForrest, to Brewer .(defendant’s Exhibit 2), was merely given to enable Brewer, as he said, to show Saunders as a voucher. These facts being found, then Brewer had no title. The mortgagees had only such rights as Brewer, the mortgagor, had at the time he gave the mortgage; and thus the mortgage under which defendant sold the furniture did not impair Saunders’ right. The defendant did more than a mere servant disclaiming power to deliver goods intrusted to him by his master upon the demand of a stranger. There is evidence tending to show that after he knew of plaintiff’s claim he exercised dominion over the property, assumed to control the possession, and, as he testifies, delivered the property to the purchaser. Allen v. Crary, 10 Wend. 349; Knapp v. Smith, 27 N. Y. 277; Boyce v. Brockway, 31 N. Y. 493, Wells, Rep. secs 362, 364; Story, Ag. sec. 312. “He who assumes to deal or intermeddle with chattels not his own must see to it that he has a warrant therefor from the owner, or from one who has authority from the owner to confer such warrant.” Spraights v. Hawley, 39 N. Y. 441. The fact that defendant may have parted with the possession or control before this suit was commenced would not be a defense. Barnett v. Selling, 70 N. Y. 494; Nichols v. Michael, 23 N. Y. 264.
PARKER, P. J., and HERRICK and MERWIN, JJ.$ concur.