Aikin
*ads.*
Buck.

------------

## AIKIN *ads.* BUCK and others.

A right to reduce property into actual possession, is

THIS was an action of *trespass*, for taking and carrying away a quantity of saw logs. The plaintiffs proved, that in

sufficient to entitle a party to bring trespass *de bonis asportatis.* Where a party is in possession of a part of a lot of land, without title, his possession is confined to the land actually occupied by him; and cannot be extended, by construction, beyond it, so as to entitle him to reclaim timber cut on that part of the lot not in his actual possession. The purchaser of a lot of land has no right to follow and reclaim logs cut upon the lot and removed therefrom previous to his purchase. In trespass *de bonis asportatis,* the defendant cannot shew property in a stranger, though it is otherwise in *trover.*

ALBANY,
Oct. 1828.

Aikin
ads.
Buck.

the fall of 1825, or winter of 1826, they purchased a quan-tity of saw logs, which were received by their agent, marked as their property, and left on the bank of the river Au'Sable. The logs were principally cut on the *north* end of lot No. 210, in Maule's patent, to 30 acres of which, the vendor of the logs claimed a possessory right. After the logs had been received and marked by the agent of the plaintiffs, they were taken by the defendant. The plaintiffs rested, and the defendant moved that the plaintiffs be nonsuited, on the ground that they had not shewn themselves possessed of the property; which motion was denied. The defendant proved that he was an agent of the Peru Iron Company; that at the time the logs were cut, there was a house on the *south* end of the lot, occupied by a tenent of the company, which company worked an ore bed also, towards the south end of the lot, and claimed a right to the whole lot, which was wild and unenclosed. The defendant offered in evi-dence, a deed of the lot, from the sheriff of the county of Clinton to D. Cady, bearing date 8th Feb. 1827, and a con-veyance from Cady to the Peru Iron Company; also, a cer-tificate of sale of the same lot, from the sheriff of Clinton to the defendant, dated 4th December, 1824, and a deed in pur-suance thereof, bearing date 4th April, 1826, which were objected to by the plaintiff's counsel, as inadmissible, unless the judgments and executions were produced, by virtue of which they were executed; and that even then, they were incompetent evidence, inasmuch as they bore date subse-quent to the time when the logs were cut. The judge re-jected the testimony, and directed a verdict for the plaintiffs for $210, the value of the logs; and the jury found accord-ingly.

*Z. R. Shipherd,* for defendant, moved to set aside the verdict. A prior possession, though of short duration, gives the right to recover land in an action of ejectment, (4 *Johns. R.* 202;) and if so, the defendant had a right to re-claim the logs which had been taken from the land wher-ever he might find them. He had shewn the Peru Iron Com-pany, whose agent he was, in possession of a part of the lot, claiming the whole. Possession alone, without other title,

gives a right of action against a wrong doer. (2 *Johns. R.* 22. 10 *Johns. Rep.* 338. 2 *Saund.* 112. *Cro. Eliz.* 437.) The rule which prevails in opposition to the defence of *adverse possession*, that the possession is not to be extended by construction, where title is not shewn, does not apply in a case of this kind. In ejectment, that defence is set up against the rightful owner. Here, a person in possession asserts a right against a wrong doer. His possession would have protected him in the enjoyment of the land against the whole world, except him having the legal title; and he therefore was entitled to assert his right to property taken from the land. The judge erred in directing the jury to find a specific sum.

*S. Stevens,* for plaintiffs. The plaintiffs had the actual possession of the logs, by purchase and delivery. But if not, they had the constructive possession; the right to reduce the property to immediate possession, which is sufficient to maintain trespass. No title was shewn in the Peru Iron Company to the lot, antecedent to the cutting of the logs. Their possession of a part, gave them no rights over the whole lot. Having no title, they could not avail themselves of the doctrine of constructive possession, and more especially against an actual occupant. The certificate and deeds of sheriff's sales, were properly rejected by the judge. They were not evidence, without proof of the judgments and executions; were unavailing against the plaintiffs, who were *bona fide* purchasers, as they conferred no title until after the sale of the logs, and could not protect the defendant, as title in a third person is no defence in this action. As to the direction to the jury to find a specific sum, the court will presume that the proof warranted the charge.

*By the Court,* SUTHERLAND, J. The plaintiffs shewed a sufficient possession of the property, to enable them to maintain the action. The logs were actually received and marked by the agent of the plaintiffs, and left upon the bank of the river Au'Sable, upon land belonging to, or claimed by the Peru Iron Company. The plaintiffs had such a right to the logs, *prima facie,* as to be entitled to take them into their actual

possession, whenever. they pleased ; and this is sufficient to maintain the action.    (8 *Johns. R.* 432.    13 *Johns. R.* 141, 561.)

The defendant entirely failed in his defence. The logs were cut on the *north* end of lot 210, in Maule's patent, and the defendant proved a possession of a dwelling house, and the working of an ore bed on the *south* end of the lot, by himself and the Peru Iron Company, and contends that that gave him or the company, constructively, the *possession of the* whole lot. In this he was mistaken. He showed no deed for the lot ; his possession, therefore, was confined to the land actually occupied by him, or the company, and cannot be extended by construction to a single acre beyond it. The deed from the sheriff of Clinton county, to Daniel Cady, and to the defendant, for lot No. 210, were properly excluded by the judge. The one bore date in July, 1827, and the other in April, 1826. The logs were purchased by the plaintiff's agent in the fall of 1825, or the winter of 1826 ; and having been removed from the lot, the subsequent sale of it would not entitle the purchaser to follow and reclaim them. Besides, as to the deed to Cady, it was inadmissible, because, in trespass *de bonis asportatis*, the defendant cannot shew property in a stranger, though it is otherwise in *trover.* (11 *Johns. R.* 132, 529. 13 *Johns. R.* 284.)

The deeds were also inadmissible, on the ground that the judgments and executions under which they purported to be given, were not proved or given in evidence in any manner. The sum which the judge directed the jury to find, had undoubtedly been proved to be the value of the logs taken.

The motion for a new trial must therefore be denied.