### Neff *vs.* Thompson and Ide.

Trespass, or replevin in the *cepit*, will lie for any unlawful intermeddling with the property of another, or exercise of dominion over it, in defiance or exclusion of the owner, though there be no manual interference.

Thus where a sheriff sells, upon an execution, sheep not belonging to the defendant, replevin in the *cepit* will lie, by the owner, against the sheriff and the purchaser, although, at the time of the sale, the sheep were at large in a field, and no actual possession has been taken, and no removal thereof made, by the purchaser.

Where a person has a lien upon sheep, for their keeping, this will not bar an action of trespass or replevin, by the owner against a third person.

Either the owner, or the holder of the lien, may in such a case, bring trespass. But a recovery by one will be a bar to an action by the other.

This was an action of replevin in the *cepit*, for 186 sheep. The defendants pleaded generally, *non-cepit*, and gave notice that they would prove the sheep belonged to one Guernsey, and that Thompson, as sheriff of Fulton county, took the sheep under an execution issued on a judgment in favor of Ide and others; Ide acting as his assistant. The cause was tried at the Fulton circuit in November, 1846, before Willard, circuit judge. On the trial the plaintiff proved by Guernsey that the sheep were purchased by and belonged to the plaintiff. That the plaintiff had them pastured on the premises of one Peck, and that the defendant Thompson admitted he had sold the sheep at Peck's under an execution against the witness in favor of Ide and others, and that the defendant Ide admitted he had bought them, at the sale made by Thompson. That Thompson said he was indemnified. Another witness proved also an admission of Thompson that he had sold the sheep. Wait, called as a witness by the plaintiff, testified that he was present at the sale of the sheep at Peck's, by Thompson. That he offered for sale the right and title which Guernsey had in the sheep. That the sheep were present, but at large in the field, when sold, and were left so after the sale. That Ide bid them off. The plaintiff then rested, and the defendants' counsel moved for a nonsuit,

on tne ground that no tort was shown, and also asked that Ide be discharged, on the ground that no cause of action was shown, against him. The judge denied these motions, and the defendants' counsel excepted. The defendants then proved the judgment and execution, and introduced evidence tending to contradict Guernsey, and to show that the sheep belonged to Guernsey. Also that the pasturing was not paid for at the time of the sale, and that the sheep were pastured under an agreement that Peck might keep them till he was paid for the pasturing.

The defendants' counsel asked the judge to charge, 1. That the evidence was not sufficient to maintain an action of replevin in the *cepit*. 2. That if from the evidence the jury should believe that at the time of the sale the sheriff (Thompson) proposed to sell only the right of Guernsey, the defendants were entitled to a verdict. 3. That if Peck had a lien on the sheep, for the pasturing, then the plaintiff was not entitled to recover. 4. That the evidence was not sufficient to warrant a verdict against Ide. The judge refused so to charge; to each of which refusals the defendants excepted.

The judge charged that if the jury believed the testimony of Guernsey, the plaintiff was entitled to recover against both defendants; to which charge the defendants' counsel excepted. The jury found for the plaintiff, against both defendants, and the defendants moved for a new trial.

*A. McFarland*, for the plaintiff.

*J. K. Porter*, for the defendants.

*By the Court*, PARKER, J. The first question to be decided is whether the levy and sale by Thompson as sheriff, and the purchase by Ide, are sufficient to maintain replevin in the cepit. The sheriff went upon the field of Peck, where the sheep were at pasture, and levied upon them, and afterwards returned with Ide and sold them under the execution. The sheep were present at the sale, but were at large in the field, and had not been

Neff *v.* Thompson.

removed by the defendants after the sale, when they were re-plevied by the plaintiff. Replevin in the *cepit* will lie wherever trespass *de bonis asportatis* can be sustained. (*Pangburn* v. *Patridge*, 7 *John.* 140. *Thompson* v. *Button*, 14 *Id.* 84. *Chapman* v. *Andrews*, 3 *Wend.* 242. *Dunham* v. *Wyckoff*, *Id.* 280. *Allen* v. *Crary*, 10 *Wend.* 249. *Barrett* v. *Warren*, 3 *Hill*, 348.) Replevin will therefore lie where there has been any tortious or unlawful taking of the property of another. An actual and forcible dispossession of the plaintiff need not be shown. But any unlawful exercise of authority over goods will support trespass, although without force; as by an attachment, although there was no removal of the property. (*Gibbs* v. *Chase*, 10 *Mass. Rep.* 125. *Robinson* v. *Mansfield*, 13 *Pick.* 130. *Copley* v. *Rose*, 2 *Comst. Rep.* 115.) In *Wintringham* v. *Lafoy*, (7 *Cowen*, 735,) a constable having an execution against G., levied on L.'s goods in G.'s hands as L.'s agent, and took an inventory and security for their forthcoming, saying he would take them away unless security should be given, and it was held he was a trespasser. In *Phillips* v. *Hall*, (8 *Wend.* 610,) trespass *de bonis asportatis* was held to lie for levying upon the property of A., under an execution against B., and re-quiring the engagement of a receiptor that the property should be forthcoming, or the amount of the execution paid, although there had been no removal of the property, and the receiptor permitted the party to remain in possession and to dispose of it as his own. This decision is sustained by *Fonda* v. *Van Horne*, (15 *Wend.* 631.) The case of *Allen* v. *Crary*, (10 *Id.* 349,) holds that replevin or trespass may be brought for a *bare levy* upon personal property belonging to a person not the defendant in the execution. This case goes much further than the one now under consideration, where there was not only a levy but an actual sale. From the cases above cited it will be seen that the rule is now well established that trespass, or replevin in the cepit, will lie for any unlawful intermeddling with the property of another, or exercise of dominion over it, in defiance or exclu-sion of the owner, though there be no manual interference. The suit was therefore properly brought as well against Ide the

---

Neff v. Thompson.

---

purchaser as against the sheriff who levied on and sold the property.

The judge was clearly right in refusing to charge that the evidence was not sufficient to maintain an action of replevin in the *cepit*. The sufficiency of the evidence was a question for the jury.

The judge was also right in refusing to charge that if the defendant Thompson professed to sell only the right of Guernsey, the defendants were entitled to a verdict. The rule on this subject is that unless the defendant has some right or title which is the proper subject of seizure on execution, the act of buying is a trespass. (1 *Cowen's Trea.* 446.) The judge was not asked to submit to the jury the question whether Guernsey had any such property in the sheep; and he had no right, on the evidence before him, to assume that he had.

The judge refused to charge that if Peck had a lien upon the sheep for the pasturing, the plaintiff was not entitled to recover.

An agister, or farmer, who pastures cattle for another, has no lien for the keeping, unless there be a special agreement to that effect. (*Chapman* v. *Allen, Cro. Car.* 271. *Grinnell* v. *Cook,* 3 *Hill,* 491, *and cases there cited.*) Here there was evidence tending to show such a lien by agreement, and it becomes necessary, therefore, to decide the question presented. The general owner need not have the actual possession of the property, to enable him to maintain trespass. It is sufficient if he have a constructive possession, or a right to immediate possession. (1 *Chit. Pl.* 167. 2 *Saund. Rep.* 47, *note c.* 8 *John. R.* 432. 9 *Cowen,* 687. 1 *Wend.* 466.) It is well settled that a plaintiff may recover, though he has parted with his possession to a carrier. (4 *T. R.* 489. 7 *Id.* 9. 3 *Day,* 498.) If, however, the bailee have a right to the property for a given time, trespass will not lie by the general owner against a third person, who takes away the property before the expiration of the bailee's term, but his remedy will be by action on the case. (4 *T. R.* 489. 7 *Id.* 12.) I think the question is not whether the bailee has a lien on the property, for that can be waived by the bailee, or cancelled at once by payment; but whether the bailee has a

right of possession for an unexpired term of time. A carrier has a lien for his services; (2 *Kent's Com.* 634;) but the above cited authorities show that such lien does not stand in the way of an action of trespass by the owner against a third person. All mechanics, tradesmen, and laborers, who receive property for the purpose of repairing, have a lien; but it will hardly be claimed that such lien would bar trespass against a third person, by the owner. Whether such a lien shall be enforced rests with the bailee. If he permits the owner to take away the property he loses his lien.

In this case the plaintiff had a right at any time to remove the sheep. If Peck had a lien on them, for the pasturing, and chose to assert it, it was for his security and not for the benefit of a third person, who is a trespasser. Peck alone could interpose the lien to prevent a removal of the cattle. Either the plaintiff or Peck might bring trespass; but a recovery by one would be a bar to an action by the other. (2 *Saund. Pl.* 47, note *c.* 1 *Chit. Pl.* 167.)

The other exceptions involve the same questions I have already examined, and are equally untenable. I think there was no error in the decisions made at the circuit, and that a new trial should be denied.

---

SAME TERM.    *Before the same Justices.*