## HARDY v. CLENDENING.

REPLEVIN—*instructions.* In a replevin suit, it is proper for the court to refuse to instruct the jury as to the different forms of action which might have been brought by the plaintiff.

WHAT CONSTITUTES TRESPASS. Any unlawful exercise of authority over the goods of another will support *trespass,* even though no force may be exerted.

Trespass will lie against the purchaser, with notice, of the goods of a third person at a sale under execution.

The doctrine of *caveat emptor* applies to such a purchaser.

COSTS OF SUIT.—When, in such a case, the owner of the goods recovers judgment in replevin against the purchaser, the latter must pay the costs.

*Appeal from Phillips Circuit Court.*

Hon. JOHN E. BENNETT, Circuit Judge.

ENGLISH, GANTT & ENGLISH, for appellant.

Replevin in the *cepit* will lie in any case where there has been a tortious taking, either originally or by construction of law, by some act which makes the party a trespasser *ab initio.* It lies in any case where trespass *de bonis asportatis* will lie. *Trapnall v. Hattier,* 1 *Eng. R.,* 21; *Meny v. Heard,* 1 *Mason,* 319.

The owner may well bring replevin (in the *cepit*) against the purchaser, where his property has been sold under execution against the third person. *Dodd v. McCraw,* 3 *Eng. R.,* 83; *Hicks v. Britt,* 21 *Ark.,* 423. This latter case was in the *detinet,* but the action on the facts would have lain in the *cepit,* beyond doubt.

If a sheriff take the goods of B, under an execution against the goods of A, it seems that even the sheriff's vendee is liable in trespass or replevin. 1 *Chit. Pl.,* 171; *Thompson v. Button,* 14 *Johnson,* 84; *Overly v. McGee,* 15 *Ark.,* 461.

McCLURE, J.

The defendant in this cause had a judgment against one W. N. Martin, upon which execution issued. The constable levied on a wagon, offered the same for sale, and sold it to Clendening, the plaintiff in execution. At the sale the defendant was notified that the wagon was not the property of W. N. Martin, the defendant in execution, but that the same belonged to Mrs. L. A. Hardy, the plaintiff in this suit. After the sale, Mrs. Hardy brought an action of replevin, in the *cepit,* against Clendening, for the wagon. Upon the writ of replevin, the wagon was taken from the defendant, and delivered to the plaintiff. The defendant pleaded: 1. *Non cepit;* to which

issue was taken. 2. Property in the defendant; to which issue was taken by replication. 3. Property in W. N. Martin ; to which issue was also taken by replication. The issues were submitted to the court, sitting as a jury. The evidence adduced shows conclusively that the wagon belonged to the plaintiff. The defendant introduced no evidence, and relied on the admission of the plaintiff, that the wagon was sold by an officer under an execution against W. N. Martin, and bought by defendant.

The plaintiff asked the court to declare the law applicable to the evidence to be as follows:

1. " That, notwithstanding the property in controversy was taken and sold under an execution against a party other than the plaintiff in this suit, and at the sale under the execution was bought by the defendant, that fact does not constitute the defendant the owner of the property in question, as against the plaintiff, if the plaintiff was, at the time of the purchase by the defendant, the owner thereof, and had the right to the immediate possession thereof, for the law, by the purchase under the execution, confers no other right to the property purchased than that which belonged to the defendant in the execution under which he bought."

2. "The plaintiff in this suit had her election to proceed by trespass for the property, or she could have waived the trespass, and could have sued in assumpsit for the value of the property in controversy, either against the defendant in this suit or the officer who took her property under the execution under which the defendant bought."

3. The fact that the property in question was for a while in *custodia legis*, while it remained in the hands of the officer, under the execution under which defendant purchased, and, during that time, a replevin would not lie at the suit of the plaintiff in this suit, or any one else ; yet, when he sold under the execution in his hands, under which defendant bought the property in question, the right of the plaintiff to sue the defendant at once attached, as soon as he bought under the exe-

cution in question; and she could either sue in trespass, replevin, detinue, trover, or, waiving the tort, might sue in assumpsit, for the value of the property in question.

The court refused to declare the law as moved by the plaintiff, and she excepted.

The second and third instructions of the plaintiff, were simply asking the court to ·declare how many different forms of action the plaintiff could resort to, in cases of that kind, or of a similar nature. They were not pertinent to the case, and will receive no further consideration.

The court, at the request of the defendant, declared the law to be: "That replevin in the *cepit* lies only where there has been a tortious taking; that replevin in the *cepit*, only lies where trespass, *de bonis asportatis*, would lie; that the plea of *non cepit* puts in issue the unlawful taking."

To this declaration of law the plaintiff excepted.

The court found in favor of the defendant, upon the issue to the plea of *non cepit*, and in favor of the plaintiff, on the issues to the other two pleas, and gave judgment that the plaintiff keep the property, and that defendant recover against the plaintiff all the costs of suit.

The plaintiff moved for a new trial; the court overruled the motion; the plaintiff excepted and appealed to this court. The appellant complains only of the judgment against her for costs.

The court, sitting as a jury, found that the property belonged to the plaintiff, at the time of the sale, but assumes, or seems to have assumed, that the purchase of the property at the constable's sale, by the defendant, did not lay him liable to an action of trespass *de bonis asportatis*, and therefore not to an action of replevin in the *cepit*. In this the court erred, as any unlawful exercise of authority over the goods of another will support trespass, although there may not have been any exercise of force. An actual and forcible dispossession of the plaintiff need not be shown. An ignoring and disregard of the plaintiff's rights, to such an extent as compels her to seek

redress at a legal forum, where the defendant was advised of the nature of those rights before he purchased, is all that is necessary for her to show. *Gibbs v. Chase*, 10 *Mass.*, 125; *Robinson v. Mansfield*, 13 *Pick.*, 130; *Phillips v. Hall*, 8 *Wend.*, 610; *Allen v. Crary*, 10 *Wend.*, 349; *Fonda v. Van Horne*, 15 *Wend.*, 631; *Noff v. Thompson*, 8 *Barb.*, 213.

The court held, in *Noff v. Thompson*, (8 *Barb.*, 213,) that tres-pass or replevin in the *cepit* would lie against the purchaser of property not belonging to the defendant in execution, although no actual possession has been taken of the property by the purchaser.

Washington L. Martin testified that he attended at the place and time the wagon was advertised for sale, and, after the constable had proclaimed said sale, he gave notice publicly that the wagon in question was not the property of W. N. Martin, the defendant in execution, but, on the contrary, was the property of Mrs. Hardy, the plaintiff in this suit; that the defendant, Clendening, was present at the time he made this announcement, and must have heard his statement in respect to the title to said wagon before he purchased.

Thus, it appears that the defendant, if not duly notified that the property belonged to Mrs. Hardy, was, at least, cautioned to such an extent that the doctrine of *caveat emptor* would apply to him. He had a right to bid and buy at the sale, notwithstanding the notice; but, if the facts announced in respect to a want of title in the defendant in execution should be established, equity and good conscience require that he should bear the burden of that proceeding.

He will not be allowed to come into court and plead that he knew the property belonged to Mrs. Hardy, and defend the taking by saying that he purchased from a trespassing officer, when he had all the facts brought to his door that the constable was selling property belonging to another party than the defendant in execution.

The ignoring of the plaintiff's rights forced her into this action to recover her property; she could not obtain it without

resort to the courts, and we regard the law well settled that, where one is forced into a court of justice to obtain redress, the party whose acts compelled the resort must pay the cost of the remedy.

Judgment reversed, and the cause remanded, to be proceeded with in accordance with this opinion.