## NATHANIEL BODINE v. WILLIAM D. SIMMONS.

*Mechanics' lien—Levy on the ground of fraud against creditors—*
*Financial reputation—Creditor's bill.*

A mechanic's lien is terminable on redemption, and therefore gives
no fixed right of possession for any particular period and does
not concern third persons if not asserted by the parties.

A mechanic's lien does not preclude the general owner from
replevying the goods as against a stranger.

The Supreme Court will not weigh testimony where there were
facts for the jury.

A levy on goods sold to a third person is not maintainable on
the ground of fraud by the vendor as against his creditors,
unless it is shown that the execution creditor had a claim when
the sale was made and that the sale was fraudulent as against
that claim.

General reputation as to financial standing cannot prove fraud.

Filing a creditor's bill does not prove its contents against the
defendant.

Error to Washtenaw.    Submitted April 11.    Decided
April 16.

REPLEVIN.    Defendant brings error.

*Frank E. Jones* and *A. J. Sawyer* for plaintiff in error.
Replevin does not lie unless plaintiff has a right to the
possession of the property at the time of beginning
suit, *Hickey v. Hinsdale,* 12 Mich., 99; *Hunt v. Strew,*
33 Mich., 85; *Cary v. Hewitt,* 26 Mich., 232; *Belden
v. Laing,* 8 Mich., 500; *Hatch v. Fowler,* 28 Mich., 205;
*Clark v. West,* 23 Mich., 242; *Sharp v. Whittenhall,* 3 Hill,
576; *Dunham v. Wyckoff,* 3 Wend., 280; *Wheeler v. Train,*
3 Pick., 258; *Collins v. Evans,* 15 Pick., 63; *Alden v.
Carver,* 13 Ia., 254; any showing that plaintiff had no
right to possession when he began suit, is a complete
bar to the action, *Wood v. Orser,* 25 N. Y., 348; there
is no levy unless the property is subjected to the imme-
diate disposition and control of the officer, *Cary v.*

*Bright,* 58 Penn. St., 70; *Chittenden v. Rogers,* 42 Ill., 100; *Linton v. Ford,* 46 Penn. St., 294; *Duncan's Appeal,* 37 Penn. St., 500; *Cawthorne v. McCraw,* 9 Ala., 519; *Minturn v. Stryker,* 1 Edm. (N. Y.), 356; *Lowry v. Coulter,* 9 Penn. St., 349; *Barker v. Binninger,* 14 N. Y., 271.

D. *Cramer* for defendant in error.

CAMPBELL, C. J.    Simmons replevied a buggy from Bodine, which the latter had levied on under an execution against one Reynolds.    Simmons purchased it of Reynolds in February, 1876, in settlement of a debt. After using it a while he broke it and had it sent to the shop of one Shire for repairs, where it was subject to a mechanic's lien when levied on in April, 1877.    Bodine advertised it for sale on the 5th of May, 1877, but did not then sell it, and on that day it was replevied.

On the trial various questions arose which were made the subject of exceptions.

It was claimed, among other things, that as the property was subject to a lien for repairs, the plaintiff could not replevy.    The lien, however, being terminable at any time on redemption, gave no fixed right of possession for any particular period, and did not concern third persons if the parties did not assert it.    It was held in *Neff v. Thompson,* 8 Barb., 213, that such a lien would not preclude the general owner from replevying against a stranger.    We think the lien was no answer to plaintiff's action, and as he got possession by the writ, and paid the lien before serving it, there is no complication caused by it.

It was also claimed that Bodine never had possession so as to make a complete levy.    We are not authorized to weigh the testimony.    There was proof tending to show that the holder of the mechanic's lien assumed to hold the property under the levy subject to his lien, and proof also that Bodine never released the levy.    We cannot consider the question of fact, which was for the jury.

It was also claimed that the levy was maintainable on the ground of fraud in Reynolds against his creditors.

To authorize this defense, it was necessary to show that the execution creditor had a claim at the time Simmons purchased, and that the sale was fraudulent against that claim.

There may perhaps have been evidence of such debt, but if so, it has been omitted from the record. There is also an entire absence of testimony having any legitimate bearing on the question of fraud in the transaction in question. None is pointed out in the brief, and we have found none. The bill states that all the testimony is set forth, and none of the exceptions to the rejection of testimony appear to be important. General reputation concerning financial standing cannot prove fraud, nor is filing a creditor's bill any proof against a defendant of the truth of its contents. To some objections no exception is noted, but they do not seem important.

The charge on the question of fraud was very full, and covered the requests so far as they were applicable. The jury were told that the sale of the property to Simmons would be void as to creditors if really made for the purpose of putting it beyond their reach and preventing its seizure to satisfy their claims;—that the intent need not to have been to put it beyond the reach of the plaintiff in execution in particular; but that the fraud must be shown by a preponderance of evidence.

The charge given went on the assumption that there was evidence on that subject enough to allow the jury to find on that question. It certainly went as far as was proper, and the rules laid down were correctly stated on that hypothesis.

We think no error is pointed out by the argument, and that the judgment should be affirmed with costs.

The other Justices concurred.