JOHN H. THOMAS, RESPONDENT, *v.* E. FRANK COE, APPELLANT.

*Action and recovery of judgment by the special owner, bars an action, by the general owner of property.*

Where the vendee and possessor of personal property, who has received the same under a contract for its purchase, providing that the title of the vendor thereto shall continue until the same shall be paid for, brings an action against a third party for the conversion of such personal property, and recovers judgment against him for the value of the same, such judgment is a bar to an action brought by the vendor against such third person to recover the value of such property.

*Marsden* v. *Cornell* (62 N. Y., 215), followed.

APPEAL by the defendant from a judgment, entered in the office of the clerk of Columbia county on May 25, 1888, after a trial at the Columbia Circuit, and from an order, entered in said office on May 31, 1888, denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

The action was brought to recover the value of certain articles of personal property alleged to belong to the plaintiff, and to have been wrongfully withheld by the defendant from him, and was tried before the court and a jury.

In January, 1884, the plaintiff entered into a written contract with one Tough, by which plaintiff agreed to deliver to Tough certain rakes and tedders to be delivered on the cars at Springfield, Ohio, for which Tough was to give his notes whenever requested, the final and entire settlement to be made by September 1, 1884. Until payment the title to the goods was to remain in plaintiff, but Tough was to be liable to pay. In October, 1884, Tough gave plaintiff a check and notes in full for the contract-price.

In February, 1885, prior to the commencement of this action, the defendants brought replevin against Tough and took certain goods, among which were the rakes and tedders, for the value of which this action is brought. They were taken and delivered to Coe. Tough pleaded ownership and demanded judgment for a return of the goods or their value. On the trial a verdict was

rendered for Tough for $1,729.10, the value of the goods, and judgment thereon was entered accordingly January 30, 1886. This fact was set up as a bar in the present action in the supplemental answer.

*Henry D. Hotchkiss,* for the appellant.

*J. C. Newkirk,* for the respondent.

LEARNED, P. J.:

If the plaintiff's position is correct that he continued to be the owner of the goods, then Tough was a bailee and had a special property therein. As such he could maintain an action against a person who had wrongfully converted them. In such action he would recover the full value. (*Marsden* v. *Cornell,* 62 N. Y., 215.) The judgment in the action of replevin was practically a judgment for conversion. Tough was decided to be owner and Coe to have wrongfully taken the property. For such wrongful taking Tough recovered against Coe the full value of the goods. The defendant now insists that such recovery is a bar to the recovery in the present action. The plaintiff, on the contrary, says that only judgment and satisfaction are such bar.

The opinion in the case above cited is unequivocal. " Either of them (meaning the general and the special owner), could maintain an action for the conversion of the chattel; whichever of them first recovered would recover the full value of it; a recovery thereof by either barred a recovery by the other." (Page 223.) Again : " If the special property-man sues first and recovers, a recovery by him is a bar to an action by the general owner." (Page 222.)

Now it is quite possible that in that case there had been not only recovery, but satisfaction. But it will be seen that the court distinguishes between the payment of the judgment which gives title to the property and the recovery of the judgment which bars another recovery. This same doctrine is laid down in *Neff* v. *Thompson* (8 Barb., 213) and in *Wheeler* v. *Lawson* (103 N. Y., 40 at page 47).

So it was held in *Green* v. *Clarke* (12 N. Y., 343), that if the general owner brought an action for conversion, and there was a judgment against him on the merits, this was a bar to an action by the bailee. It seems to us that these decisions have settled the

question. And, as we are convinced that the recovery by Tough in the replevin action was practically a recovery for the conversion of the goods, we must hold that that judgment was a bar to this action. This view makes it unnecessary to consider the other question presented.

The judgment should be reversed and a new trial granted, costs to abide event.

LANDON and INGALLS, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.