AMOS A. KINNEY AND ALFRED L. MILLARD v. WILLIAM
SERVICE.

*Justices' courts—Trespass—Pleading—Title to land.*

1. Under a declaration in an action of trespass commenced in
   justice's court, and certified to the circuit court at the instance
   of the defendant, averring generally a breaking and entering
   by the defendant of the plaintiffs' close, describing the land,
   the plaintiffs may prove their title to the premises trespassed
   upon.

2. Where, in an action of trespass, possession of the premises in
   one of the plaintiffs is shown under a declaration averring
   generally that defendant broke and entered the close of the
   plaintiffs, title in both of the plaintiffs may be shown.

Error to Lenawee. (Loveridge, J.) Argued April 20,
1892. Decided May 13, 1892.

Trespass. Plaintiffs bring error. Reversed. The facts
are stated in the opinion.

*A. L. Millard,* for appellants.

*D. B. Morgan,* for defendant, contended:

1. Under this form of declaration, the plaintiffs must rely upon
   their actual possession of the premises; citing *Vandoozer v.
   Dayton,* 45 Mich. 248.

2. If plaintiffs had made a claim of title in their declaration, and
   set out and described the title, they might have relied upon
   title and constructive possession; citing *Vandoozer v. Dayton,*
   45 Mich. 250; *Hecock v. Van Dusen,* 80 Id. 359; but even
   then, under the circumstances in this case, they could not
   rely upon constructive possession, which cannot exist in the
   plaintiffs when the defendant or his lessor is in the actual
   adverse possession; citing *Ruggles v. Sands,* 40 Mich. 560;
   *Carpenter v. Smith,* Id. 639; *Miller v. Wellman,* 75 Id. 353.

MONTGOMERY, J. The plaintiffs brought an action of

trespass *quare clausum* in justice's court, filing a declaration in the usual form, alleging that the defendant broke and entered the close of the plaintiffs. The defendant had the case certified to the circuit on the plea of title.

The premises consisted of inclosed farming lands, and the plaintiffs, to maintain their case, offered testimony tending to show that the plaintiff Kinney had been in possession of the land for some time, and that the defendant entered without his permission, as a mere intruder, and cut the crops. The plaintiffs also offered evidence to show title in themselves, which was excluded. The defendant offered testimony tending to show previous possession in one Hayward, and that defendant went into possession under him. The court submitted to the jury the question of whether the plaintiffs had possession, and made their right depend upon possession by both plaintiffs.

It was error to exclude the proof of title. It was thought to be inadmissible under the declaration in this case; but it is competent for the plaintiffs, under such declaration, to show a possession, either actual or constructive. 1 Chit. Pl. *380; *Aikin v. Buck,* 1 Wend. 466; 2 Greenl. Ev. § 614; *Ruggles v. Sands,* 40 Mich. 560; *Ehle v. Quackenboss,* 6 Hill, 537. The right to offer such evidence, under the general averment of breaking and entering plaintiffs' close, is clearly recognized by statute; as under How. Stat. § 6894, if the plaintiff aver title, it is deemed admitted, unless the defendant takes steps to have it—a question of title—tried at the circuit; yet in the next section it is provided that if it shall appear on the trial, by the plaintiff's own showing, that the title to lands comes in question, the justice shall certify the case to the circuit. This showing of title can, of course, only be made under the general averments;

as, if the title be specially averred, then, under the previous section, that question does not stand for trial before the justice.

This testimony was also admissible for the purpose of showing that the possession of Kinney, if possession by him was shown, was in the interest of himself and Millard, as co-tenants. The importance of this was emphasized by the instruction that possession by both plaintiffs must be shown. If one was in possession under a claim of right in both, the action was properly brought. *Gilmore v. Wilbur,* 12 Pick. 120; *Austin v. Hall,* 13 Johns. 286; 1 Washb. Real Prop. *421.

The judgment must be reversed, with costs, and a new trial ordered.

McGRATH, LONG, and GRANT, JJ., concurred. MORSE, C. J., did not sit.