JOHN P. LATIMER, Respondent, *v.* H. HILL WHEELER, Appellant.

Where the defendant has once been in possession of plaintiff's chattels, but has parted with the same, claiming ownership, a refusal to deliver them up on demand of the plaintiff will render him liable for the same.

Where a party having possession of goods belonging to another, parts with hem without the authority of the owner, and the party holding such goods refuses to deliver them to the owner on demand, he will be liable in *detinue* equally with the party refusing.

DAVIES, J.   This action was brought to recover certain goods and chattels, claimed by the plaintiff to belong to him, and which he alleged in his complaint the defendant had become possessed of and wrongfully detained.   The defendant in his answer denied that he had become possessed of or wrongfully detained from the plaintiff the said goods and chattels.   He also denied the ownership of the plaintiff of the said goods and chattels, and claimed that he was the owner thereof, although not in the possession of the same.   He also alleged, in his answer, that from the time of the making of the mortgage to the plaintiff, in January, 1856, until the 25th of October, 1856, the said goods and chattels were in a certain hotel, in the city of Brooklyn, called the " Globe Hotel," and that the same during that period were exclusively in the possession of one Benjamin Rathbone, and that, on that day, Rathbone's possession of said hotel, and of all of said goods and chattels therein, was transferred and delivered to one Carr, who from thenceforth had continued in the possession thereof.   It was stipulated between the parties that if the jury should find a verdict for the plaintiff the plaintiff might enter judgment against the defendant for the value of the property as assessed by the jury, with interest, instead of judgment for return of the property.   It was also admitted that the goods were not taken by the sheriff, but that they were released upon the defendant giving the undertaking provided for in section 211 of the Code.   It appeared upon the trial that Rathbone, in December, 1855, and January, 1856, had purchased a bill of goods of the plaintiff, amount-

ing to the sum of about $400, and that on the 5th of January, 1856, a balance remaining due of $307, he executed to the plaintiff a chattel mortgage thereon, to secure that sum, and which was duly filed the same day.

On the 4th of February, 1856, Rathbone being indebted to the defendant Wheeler, in the sum of $1,000, made and executed to the defendant, a chattel mortgage, payable March 1st, and which was filed March 8th, 1856, and the schedule to this mortgage embraced the same property mentioned in the plaintiff's mortgage, and other property. Rathbone testified that he told defendant of the existence of the mortgage to the plaintiff. He also testified that on the 5th of July he left the hotel and the property there, and also left H. N. Carr in possession. Carr testified that he took possession of the hotel in July and kept it for Rathbone until October 25, 1856, and during the remainder of the time for Horatio P. Carr, his son. Rathbone testified that he surrendered the hotel to the defendant, and at the time of such surrender he was living and keeping a hotel in New York. The defendant testified to his interview with Rathbone in New York, on the 25th of October, 1856, and it is quite clear that this surrender was made at that time by Rathbone, for on that day the defendant agreed to lease the said premises, known as the Globe Hotel, to Horatio P. Carr, until the first day of May next, and he also agreed upon certain payments to be made by Carr, to assign to him Rathbone's mortgage upon the furniture in the hotel, " with all right and title of said Wheeler in all the furniture in said hotel." It also appeared that the arrangement to purchase the furniture was never carried out. It was part of the agreement between the defendant and Carr that the defendant and his family should board in the hotel, and such board was to be deemed equivalent to said rent. Defendant commenced boarding there about a month after the date of this agreement and continued to board there the remainder of the winter. Horatio N. Carr testified that when the agreement was made (October 25, 1856), the defendant told him not to let Rathbone or any one else take any of the furniture away.

The suit was commenced March 25, 1857. Michael Cary testified that he went to the "Globe Hotel" with a copy of the mortgage, at plaintiff's request. Saw the defendant and Mr. Carr there. It was a few days before the suit was commenced. That he opened the mortgage and told the defendant that the plaintiff had sent him for the goods mentioned in the mortgage. He said there were no goods there belonging to the plaintiff. He said they were his, and neither witness or the plaintiff could have them. That the witness told him he would see who they belonged to, and the defendant told him to clear out.

The defendant moved to dismiss the complaint, on the ground that the action could not be maintained against the defendant, as he was not in possession of the property when the suit was commenced. This motion was denied, and the defendant excepted.

The judge charged the jury that if they believed that the defendant told the witness Cary, that he owned the property and that the plaintiff had no property there, or that he treated it as his own, they might find that the defendant had such a legal possession as would enable the plaintiff to maintain this action, to which the defendant's counsel excepted. The defendant's counsel asked the judge to charge, that if they believed Carr was in the actual possession, this action cannot be maintained, which the judge declined to charge, and the defendant's counsel excepted, and the defendant's counsel also excepted to so much of the charge as states that if the defendant was not in the actual possession, yet if he claimed an interest therein and control over the furniture, and refused to deliver it when demanded, he was liable.

The jury found for the plaintiff, and assessed the value of the property at $277.95, whereupon judgment was perfected in plaintiff's favor, in the Brooklyn city court, and, on appeal, the same was affirmed at the General Term of the Supreme Court, and the defendant now appeals to this court.

The case of *Nichols* v. *Michael* (23 N. Y., 264), disposes of all the grounds taken by the defendant upon the trial of this cause, and settles the plaintiff's right of recovery. It is

conceded that the defendant was at one time in possession of the goods covered by the plaintiff's mortgage. On the 25th of October, 1856, he now claims, he delivered such possession to Horatio P. Carr. He certainly claimed then to be the owner of them, for he agreed to sell them to Carr. At the time the agent of the plaintiff demanded of the defendant and Carr the possession of the goods, the defendant denied that there were any goods of the plaintiff's there. He claimed that they were his, and that neither the agent nor the plaintiff could have them, and the defendant told the plaintiff's agent to clear out. Carr was present and must be assumed to have concurred in this refusal of the defendant. If, therefore, he, Carr, had been in the actual possession of the goods, his acquiescence in the refusal of the defendant to deliver the same, and his silence, when the defendant interposed his claim of ownership, was equivalent to a demand upon him and refusal by him. The case of *Jones* v. *Dowle* (9 Mees. & Wels., 19) is quite in point. There the plaintiff had bought a picture at an auction, at which the defendant acted as an auctioneer. The latter, by mistake, entered the name of one Clift as the purchaser and delivered the picture to him. The plaintiff demanded the picture of Clift, who refused to deliver it, and then brought detinue against the auctioneer. The counsel for the defendant insisted that the plaintiff was bound to show that the picture was in the possession or custody of the defendant, or of an agent over whom he could exercise control at the time of bringing the action. But the court overruled the objection. PARKE, B., said: "Detinue does not lie against him who *never had* possession of the chattel, but it does against him who once had, but has improperly parted with the possession of it."

In *Nichols* v. *Michael*, the said theory upon which this case proceeded was sound, and applied directly to that case. It was that where a person was in possession of goods belonging to another, which he is bound to deliver up on demand, if he without authority from the owner parts with that possession to another, who refuses to deliver them, he is responsible in detinue equally with the party refusing. He

contributes to the detention. It is the consequence of his own wrongful delivery. The action in such cases may properly be brought against both, because the acts of both unite in producing the detention.

In the case at bar, upon the defendant's theory, that he was not in the actual possession of the goods at the time of the demand, but that the same were in the possession of Carr, the defendant's liability upon the doctrine of these cases is complete. It is not denied that the plaintiff was the owner of the goods covered by his mortgage, and was entitled to the possession of the same. It is also conceded that the defendant had been in the possession of the goods, and he now claims to exempt himself from liability, on the ground that he had parted with such possession to Carr. He had so parted with the possession without the authority of the plaintiff, the owner of the goods. The demand upon and refusal by both the defendant and Carr gave the plaintiff a complete right of action against both of them. (*Gurth* v. *Howard et al.*, 5 Carr. & P., 346.) And, on the authority of *Nichols* v. *Michael*, the action may be maintained against both, or against the party who has wrongfully parted with the goods.

But, in my opinion, the defendant himself was in the possession of the goods at the time of the demand. Carr's possession was his possession, the latter was but the agent of the defendant, and over whom he could and did exercise control. This is manifest from all the acts of the defendant. Rathbone, who, undeniably, anterior to the 25th of October, 1856, had the possession of the goods, on that day surrendered the same to the defendant. He then, as owner, entered into contract with Carr, to sell the same to him, upon certain terms, which Carr never fulfilled, and he there put Carr into possession as his tenant. He told the father of Carr, who was then at the hotel, as the agent of his son, not to let Rathbone or any one else take anything away. At the time of the demand by Cary, in the presence of Carr, the defendant denied the ownership of the plaintiff of the goods, claimed them to be his, and would not let the plaintiff have them,

and ordered the plaintiff's agent to leave the premises : all this was done in Carr's presence, and it is to be presumed with his assent. And the defendant, in his answer, claims that he is the owner of the goods. All these acts and declarations establish conclusively to my mind the fact, either that the defendant was in the actual possession of the goods at the time of the demand, or, if not, they were in the possession of his agent, over whom he could and did exercise control. In either aspect the defendant's liability is unquestionable.

The motion for the nonsuit was properly denied, and the exceptions to the charge cannot be sustained. If the views herein stated are correct, it follows that the judge properly refused to charge the jury that if they believed Carr was in the actual possession the action could not be sustained, as requested by the defendant's counsel.

The judgment appealed from should be affirmed, with costs.

JOHNSON, J. Only two questions are made in this case : one, on the exception to the charge; and the other, on the refusal to charge as requested.

The judge charged the jury that if they believed the defendant told Cary that he owned the property and that the plaintiff had no property there, or that he treated it as his own, they might find the defendant had such a legal possession as would enable plaintiff to maintain the action. Cary was the plaintiff's agent, and, as he testifies, went to the house where the defendant lived, and where the property was, with a copy of the plaintiff's mortgage, and told the defendant that plaintiff had sent him for the goods mentioned in the mortgage which he then produced. The defendant said there were no goods belonging to the plaintiff there ; that they were his goods, and neither the witness nor the plaintiff could have them. Cary said he would see who they belonged to, and the defendant told him to clear out. This was in the presence of Carr, the tenant of the house, and with whom the defendant boarded, and who, as it is claimed, and as the defendant's evidence tends to show, was in the possession of the goods as

tenant under a lease of the house, in which lease he, Carr, had agreed to purchase the goods in question, though he had not then done so.

The appellant's counsel endeavors to maintain the proposition that the defendant, not having the goods actually in his possession at the time, is not liable in this form of action, whatever he may have said or done when the demand was made. · But this proposition cannot be maintained, and especially under the circumstances of this case. Here the person who is now claimed to have been in the exclusive possession of the goods, under the contract to purchase, was present when the plaintiff's claim was made, and must be deemed to have assented to the claim of ownership and dominion which the defendant then made. The two lived together in the same house where the goods then were, and no notice or hint was given that any person other than the defendant had any interest in or right of control over the goods. Under such circumstances, it would be a reproach to the law to allow the defendant to defeat the action by showing that another person then present, and not himself, was, in fact, in the lawful possession and custody of the goods. Such a rule would be intolerable, and operate as a snare to innocent parties, proceeding upon the open acts and declarations of adverse parties. The defendant was not a mere stranger to the goods, but claimed title under his mortgage, which was a valid mortgage, but subordinate to the plaintiff's. If he assumed the ownership and dominion, and prevented the plaintiff's taking the property under his superior claim of title he should not be allowed to say upon the trial, for the purpose merely of defeating the action, that the possession was in fact in another at the time. Hence the judge was right in instructing the jury that if the defendant, when the property was demanded, claimed to be the owner of the property, and denied the plaintiff's right, or treated it as his own, they might find that he had such possession as was necessary in law to the maintenance of the action.

It is not necessary to the maintenance of this action that the defendant should be in the actual possession of the property which is the subject of the action.

It has been repeatedly held, that an action of replevin, even in the *cepit*, will lie against the plaintiff in an execution by whose direction goods are levied upon, although such goods are never removed by virtue of the levy from the custody of the owner (*Allen* v. *Crary*, 10 Wend., 349 ; *Fonda* v. *Van Horn*, 15 id., 631; *Acker* v. *Campbell*, 23 id., 372; *Stewart* v. *Wells*, 6 Barb., 79); and the action either in the *cepit* or the *detinet* would lie in such cases. (*Cummings* v. *Vorce*, 3 Hill, 282.) In all such cases the defendant never has any possession of the property in point of fact. It is the interference and exercise of dominion which constitutes the right of action. That *is* sufficient possession for the maintenance of the action.

The rule is, that any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain the action. (*Allen* v. *Crary*, *supra*.) Here there was an unlawful interference, and the exercise of dominion against the plaintiff's rights, by which he was prevented from taking his property, and was thus injured. This was sufficient possession by the defendant for the purpose of maintaining the action against him.

The judge was right, therefore, in refusing to charge as requested by the defendant's counsel, that if Carr, the tenant, was in the actual possession of the goods the action could not be sustained. No point is made by the appellant that the plaintiff's mortgage was not valid, and superior to the one under which he claimed the property. Judgment was entered for the value of the property, instead of a return thereof, in pursuance of a stipulation between the parties before the verdict was rendered. I am of the opinion that no error has been committed, and that the judgment should be affirmed.

All concurring,

Judgment affirmed.