WAID v. GAYLORD, appellant.

*Replevin — what is a sufficient levy to sustain.*

A levy upon the *" right, title and interest "* of the judgment debtor in goods is in law equivalent to a levy upon the *things,* and is sufficient to sustain an action of replevin in the *cepit* by the owner.

APPEAL from a judgment entered on the report of a referee in favor of the plaintiff.

The action was brought by Isaac Waid against Lewis Gaylord, sheriff, and Thomas Waid, to recover the possession of personal property. The defendant was sheriff of Oneida county. On the 18th of December, 1871, an execution issued upon a judgment

in favor of Clark Stewart against Thomas Waid, was placed in the hands of W. A. Matthewson, a deputy sheriff. He went to the residence of the said Thomas Waid (which was with his father, Isaac Waid, the plaintiff in this action), and inquired of said Thomas in regard to the ownership of the property in question. Being unable to ascertain whether Thomas in fact owned the property, he levied upon the *right, title and interest of said Thomas* in the property, and indorsed the levy in those terms on the back of the execution, and did nothing else. He left every thing just as it was, and did not then or afterward attempt to take possession of or remove any part of the property. He merely notified the said Thomas of what he had done. Subsequently Matthewson advertised the *right, title and interest* of Thomas Waid for sale.

This action was brought by Isaac Waid, claiming to be the owner of the property so levied on, to recover the possession thereof, and the same was delivered to him and remained in his possession.

The action was referred to a referee, who found that the property levied on all belonged to the plaintiff, and that Thomas Waid had no right, title or interest therein whatever. The defendant moved for a nonsuit on these grounds: 1. That the deputy only levied on the interest of Thomas Waid in the property. 2. That the property was never seized or taken by the defendant. 3. That there was no demand of the property before suit brought.

The referee denied the motion, and found and decided as matter of law, that the plaintiff was entitled to judgment against the defendant, for the possession and retention of said property with costs. Judgment was entered accordingly.

*Southworth & Parks*, for appellant. The action under the Code. is a *possessory* action. The object of the proceeding is the recovery of the property in specie, and if at the time the action is brought the plaintiff has the actual possession, he cannot claim to have the property taken from the possession of the defendant and delivered to him. Code, § 208. The officer cannot take property which he finds in the actual possession and control of the plaintiff from the possession of the defendant who never had it. The action is based on the wrongful detention of the property, and such detention must exist at the commencement of the action. *Savage* v. *Perkins*, 11 How. 17; *Roberts* v. *Randell*, 5 id. 327; *Elwood* v. *Smith*, 9 id. 528; *Brockway* v. *Burnap*, 12 Barb. 347. To enable the plaintiff to

obtain the possession of the property, *pendente lite*, he is required to make an affidavit, setting forth in the present tense, that the property is wrongfully detained by the defendant. Code, § 207.

*K. Carroll*, for respondent.

GILBERT, J. A levy upon the right, title and interest of the judgment debtor in the goods is in law equivalent to a levy upon the things. It amounts to a seizure of the goods for the purpose of selling the whole or a qualified interest therein. Such an act is sufficient to sustain an action of replevin in the *cepit* by the owner. *Knapp* v. *Smith*, 27 N. Y. 281; *Latimer* v. *Wheeler*, 1 Keyes, 475.

The judgment must be affirmed.

*Judgment affirmed.*