Dingens *v.* Clancey.

[FOURTH DEPARTMENT, GENERAL TERM at Rochester, October, 1876. *Mullin, E. Darwin Smith* and *Talcott*, Justices.]

JOSEPH A. DINGENS and another *vs.* MARY J. CLANCEY.

Where goods are sold and delivered to a married woman on the faith and credit of her separate estate, the title thereto passes to her, and they become part and parcel of her separate estate.

The defendant, a married woman, purchased of the plaintiffs liquors, to be used in conducting the business of keeping a hotel owned by her and in her actual possession, and which business she was ostensibly carrying on, with the aid of her husband. *Held* that the business of keeping such hotel was, in fact and in law, the business of the defendant, within the intent and meaning of the statute relating to business carried on by married women.

*Held*, also, that the defendant, having so conducted herself as to give the plaintiffs the right to suppose, and act upon the assumption, that she was the actual principal in carrying on the business at said hotel, she could not be allowed to disavow her liability for the goods purchased of them and used in such hotel, for her benefit, and to shift the responsibility for the payment upon her irresponsible husband.

That, under these circumstances, she was *estopped* from saying, as against the plaintiffs, that she was not carrying on the business of hotel keeping on her own account.

Married women, who own property and control and manage it, and carry on business thereon and therewith, in the same manner as if they were unmarried, or men, should be held to all the legal responsibilities growing out of the exercise of such rights, precisely as though they were in fact men.

Dingens *v.* Clancey.

They cannot be allowed to hold out false appearances, in such business or matters, any more than men; nor to use their irresponsible husbands as agents or instruments of dishonesty and fraud.

A PPEAL from a judgment entered upon the report of a referee. Action to recover the price of goods sold and delivered.

*Chas. F. Park*, for the appellants.

*Bowen, Near & Bonham*, for the respondents.

*By the Court*, E. DARWIN SMITH, J. The referee finds, as matter of fact, that the plaintiff sold and delivered the goods, for which this action was brought, to the defendant on the 29th of May, 1874, at the price and value of $141.50. That the defendant was then a married woman, the wife of ·John Clancey of Hornellsville, N. Y., and she, at the time, was possessed of a separate estate in her own right; and that the said goods were sold and delivered by the plaintiffs to the defendant on the faith and credit of her separate estate. He finds, also, that no intention to charge her separate estate was expressed in the contract of sale, and that the contract did not relate to her separate estate, and was not made for the benefit of her separate estate; and also that said liability and contract was not in or about the carrying on of a trade or business of said defendant; and he gave judgment for the defendant.

If, as the finding states, these goods were sold and delivered to the defendant on the faith and credit of her separate estate, the title to them passed to her, and they became part and parcel of her separate estate. (*Williamson* v. *Dodge*, 5 *Hun*, 498. *Kelly* v. *Long*, 4 *Thomp. & C.*, 164. *Knapp* v. *Smith*, 27 *N. Y.*, 277. *Abbey* v. *Deyo*, 44 *Barb.*, 374.) The goods sold, however, were for use in a hotel owned by the defendant, and so far did relate to her separate estate.

But I think the referee erred in his finding upon the

facts that the liabilities and the contract, which was for liquors sold, were not in and about the carrying on of a trade or business of the defendant. These liquors, so purchased by her, were purchased for the purpose of carrying on the business of keeping a hotel owned by the defendant at Hornellsville, at the time in the actual possession of the defendant, and which she was in fact ostensibly carrying on with the aid of her husband. And I think the referee should so have found, upon the evidence. The hotel property was hers; the furniture therein was all hers; she superintended the household work. She testified as follows: "I was most always there; all of the last year I had three servants in the hotel; I gave directions to the servants what to do about the kitchen and dining rooms, and upstairs work, and such parts as I took charge of." The guests of said hotel occupied her rooms, slept in her beds, dined at her table, and paid for the services and attendance of herself and her servants. Her husband tended the bar, and took charge, outwardly, of her affairs. He was in fact simply her agent. He had no interest in the rents, use and profits of the hotel or its business. These belonged to her, *prima facie*, by right of her ownership of all the property. He was, doubtless, as she testified, trusted to do her business and receive her rents and moneys, and pay bills. All the receipts of the hotel were used to pay the expenses of the business, and in the support of themselves and their family.

I think the business of keeping said hotel was, in fact and in law, the business of the defendant, within the intent and meaning of the statute relating to the business carried on by a married woman — as much so as the business of carrying on a farm was the business of the wife, and not of the husband, in *Gage* v. *Dauchy*, (34 *N. Y.*, 297;) *Knapp* v. *Smith*, (27 *id.*, 277;) or *Buckley* v. *Wells*, (33 *id.*, 518.)

But if this were not so generally, I think the defen-

dant is estopped in this case from setting up or deny-
ing, as against the plaintiff in this action, that she was
actually carrying on the business of hotel keeping in
her said hotel.

There was no sign up indicating that her husband
kept such hotel. Before the plaintiffs sold the bill of
liquors, their agent testified that he called at the Tre-
mont House — the name of said hotel, and the only
sign affixed to it — for the purpose of selling a bill, and
saw Mrs. Clancey, and had conversation with her on the
subject, and she then referred him to her husband ; that
her husband, on the same day, made out the order for
the bill, in her name, and directed them to be sent to
the defendant's address, and they were so sent, billed
and shipped in her name, and were duly received from
the carrier at said hotel ; that a few weeks afterwards
the same agent saw her again, at said hotel, and she
recognized him, saying, "You are the gentleman from
Buffalo we bought some liquors of, are you?" She then
said the liquors were first rate, except the brandy was a
little too dark.

Upon these facts and other evidence in the case, I
think the defendant should be held estopped from say-
ing that she was not carrying on the business of said
hotel, as against these plaintiffs. Married women who
own property and control and manage it, and carry on
business thereon and therewith, in the same manner
as if they were unmarried, or men, should be held to
all the legal responsibilities growing out of the exercise
of such rights, precisely as though they were in fact
men.

They cannot be allowed to hold out false appearances
in such business or matters, more than men ; nor allowed
to use their irresponsible husbands as a cover, or as
agents or instruments of dishonesty and fraud.

A married woman must be bound, as Judge ALLEN
states the rule in *Bodine* v. *Killeen*, (53 *N. Y.*, 93,) "by

the appearance which she has given to transactions; and upon the faith of which others have acted, up to the limits of her legal capacity to act."

The plaintiffs had the right to suppose, and act upon the assumption, that she was the actual principal in carrying on the business at said hotel, and she cannot be allowed to disavow her responsibility for the goods purchased of them and used in the business of such hotel for her benefit, and cast off the responsibility for the payment upon her irresponsible husband. The judgment should be reversed.

.Judgment reversed, and new trial granted, with costs to abide the event. The trial to be had before a new referee.

[FOURTH DEPARTMENT, GENERAL TERM at Rochester, October, 1876. *Mullin, E. Darwin Smith* and *Talcott,* Justices.]