ELIZABETH M. ALVORD, PLAINTIFF, v. NICHOLAS H. HAYNES AND CHARLES TOWER, DEFENDANTS.

*Levy by sheriff — when sufficient to sustain replevin or action for conversion — plaintiff in judgment — when responsible for acts of sheriff.*

A sheriff, by virtue of an execution against one Alvord, levied upon property belonging to his wife.

*Held*, that the act of the sheriff in levying upon the property was such an exercise of dominion over it as would sustain an action for its conversion or one of replevin, although there was no actual removal of the property.

That his liability was not affected by the fact that he claimed to levy upon, and advertised for sale the interest of the husband alone, when the husband had, in fact, no interest therein.

The facts that the plaintiff, in the judgment, directed the sheriff to get the executions, and consulted and advised with him and approved of his making the levy, are sufficient to sustain a verdict against him.

MOTION for a new trial on a case, and exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff, directed by the court.

This was an action for the claim and delivery of personal property consisting of farming tools, farming stock and unharvested crops, brought by the plaintiff, who is a married woman, against the defendant Haynes, who is sheriff of Cortland county, and who, by virtue of two executions issued out of the County Court at the instance

of the defendant Tower, who was plaintiff in said executions, levied upon the aforesaid property. There was no removal of the property levied upon, and the sheriff claimed to levy upon and advertise for sale only the interest of Fenn G. Alvord, the plaintiff's husband, in said property. The evidence showed that the plaintiff leased the farm upon which said property was, of her father-in-law, and had carried it on for several years, paying the rent herself, and disposing of the products of the farm and receiving the avails thereof, and that the property levied upon was the growth of said farm, or arose out of the products thereof. It appeared that the plaintiff had some property or money in her own right, and that she managed said farm and disposed of the products thereof through her husband, as her agent. It also appeared that the defendant Tower directed the sheriff to procure said executions and advised and consulted with the sheriff in regard to levying upon the property.

This action came on to be tried at the Cortland Circuit in September, 1876, before Mr. Justice FOLLETT and a jury. At the close of the testimony the court held that there was no question of fact for the jury, and directed the jury to find a verdict for the plaintiff for the return of the property, assessing its value as proved on the trial, and as to which there was no dispute, and six cents damages for the detention thereof, to which direction the defendant excepted. The jury found a verdict for the plaintiff in accordance with the foregoing directions, to which the defendant excepted. The court directed the exceptions to be heard in the first instance at the General Term, and that judgment be in the meantime suspended.

*Waters & Knox,* for the plaintiff.

*O. Porter,* for the defendant. This property was all made by the labor of Fenn G. Alvord and his minor son. (*Buckley* v. *Wills,* 42 Barb., 569; *Goss* v. *Cahill,* 42 id., 310; *Vrooman* v. *Griffiths,* 4 Ct. App. Dec., 505; *Merchant* v. *Bunnell,* 3 id., 280.) If the capital is furnished by the wife, and her husband has no interest but that of a mere agent or servant, she is entitled to the profits. If there is no capital *but* the husband's labor and the labor of his minor son, she cannot have the profits.

The property is the fruit of the labor of the husband and his minor son. (*Rider* v. *Hulse*, 24 N. Y., 372 ; 33 Barb., 264 ; 42 id., 310 ; id., 569.) The plaintiff was in the actual possession of the property at the time this action was commenced. To maintain replevin, the property must be taken out of the actual possession of the owner. (3 Wend., 280 ; 4 Comst., 183 ; 20 Johns., 465 ; 14 Wend., 201, 202.)

SAWYER, J. :

There were no disputed questions of fact in this case to be submitted to the jury.

The plaintiff's title to the property in question was clearly established by the evidence. She leased the farm and paid the rent, and the property taken in execution was either purchased with her money or raised on the farm. True, her husband labored on the farm, and acted as her agent in disposing of its products, but this did not vest the title thereto in him, or give him any interest therein. The right of a married woman to purchase or lease real or personal property and to manage the same through an agent, though that agent be her husband, and to hold to her own use the avails thereof, in cases free from fraud, was fully settled in *Knapp* v. *Smith* (27 N. Y., 277). In the case at bar there was no proof of fraudulent intent.

The act of the sheriff in levying upon the property of Fenn G. Alvord for sale was such an exercise of dominion over it as would sustain an action for its conversion, or replevin, although there was no actual removal. (*Stewart* v. *Wells*, 6 Barb., 79, approved by the Court of Appeals in *Knapp* v. *Smith, supra*.)

Trover and replevin in such cases are concurrent remedies. (*Allen* v. *Crary*, 10 Wend., 349 ; *Fonda* v. *Van Horne*, 15 id., 631.)

It does not change the rule nor aid the defendants that the sheriff claimed to levy upon and advertised for sale the interest only of Fenn G. Alvord in the property, it appearing that he had no interest therein. (*Neff* v. *Thompson*, 8 Barb., 213.) There was sufficient evidence that the defendant Tower, authorized the proceedings to sustain the verdict as against him ; he directed the sheriff to get the executions, consulted and advised with him and approved of his levying upon the property. Slight interferences in such cases will

sustain a verdict. (*Knapp* v. *Smith, supra ; Farrar* v. *Chauffetete* 5 Denio, 527.)

The exceptions must be overruled, and judgment ordered for the plaintiff upon the verdict.

LEARNED, P. J. and BOARDMAN, J., concurred.

New trial denied, and judgment ordered for plaintiff on verdict, with costs.