Blatchford, C. I.
This is a suit in equity for the infringement of letters patent. The bill alleges that the plaintiff is; the sole owner of the entire patent. The answer sets up that the plaintiff was, at the time of bringing this suit, a married woman, having a husband, Blaze Lorillard, in full ■ life, and that by reason of coverture the plaintiff is incapable of, and *903 disqualified from, bringing and maintaining the suit in her ■own name, without joining her said husband as a party thereto.
The plaintiff, although a general replication has been filed to the answer, has, under rule 52, in equity, set down the eause for argument on such objection, and the defendant takes no point that this is irregular, because a replication has been filed, and the question involved has been argued.
The defendant contends that the rule of practice of the courts of New York, regulated by the statutes of New York, which permits suits by a married woman in her own name, does not apply, to suits in equity in this court; that there .is no statute or rule whieh permits the plaintiff to bring this suit without joining her husband; and that, under the general principles of equity practice, and the practice of the high courts of chancery in England, the husband must be joined. Bule 90 of the rules in equity, prescribed by the supreme court, provides as follows: “In all cases where the rules prescribed by this court, or by the circuit courts, do not apply, the practice of the circuit court shall be regulated by the present practice of the high court of chancery in England, so far as the same may reasonably be applied consistently with the local circumstances and local conveniences of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice.”
The legal title to this patent is in the plaintiff. By the law of New York, as interpreted by the courts of New York, a married'woman may hold property of every description in the same manner as if she were a feme sole. Gage v. Danchy, 84 N. Y. 293; Buckley v. Wells, 33 N. Y. 518; Knapp v. Smith, 27 N. Y. 277. The bill alleges that the plaintiff belongs to New York, and is a citizen of the United States, and that some of the infringements were committed in New York. Under the provisions of sections 629, 4919 and 4921 of the Bevised Statutes of the United States, suits in equity for the infringement of letters patent must be brought by the party in interest in his or her own name, and such right cannot be delegated to another person, to bring the suit in the name of such other person, when the suit is not for the benefit in any way *904 of such other person. Goldsmith v. American Paper Collar Co. 2 Fed. Rep. 239. On the same principle such other person is neither a proper nor a necéssary party to be joined with the real party in interest, as plaintiff, when such other person has no interest in the patent, and when the suit is not for the legal benefit in any way of such other person. Under rule 90 it is inconsistent with the local circumstances of this district to require the wife in this case to join her husband with her. The rule of joining husband with wife' in suits to recover her personal property was founded upon the principle of unity of existence and interest between husband and wife, in law, and the right of the husband in the wife’s personal property, and the care exercised by courts in regard to those who are not in a situation to take care of their own rights. These principles being now changed for this jurisdiction, the practice based on them necessarily falls. Cessante ratione cessat lex. Voorhees v. Bonesteel, 16 Wallace, 16, 31. -
The objection taken is overruled.