JOHN CODDINGTON, Assignee, etc., Appellant, *v* EUNICE J. BOWEN, Respondent.

THEODORE H. CODDINGTON, Appellant, *v.* SAME, Respondent.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Husband and wife. Employment.*—While the husband and wife are acting in good faith, and not to defraud creditors, she may employ him to conduct her business affairs, and the profits inure to her, and not to his, benefit.
2. *Costs. Discretionary.*—The referee's report cannot be added unto, by way of costs, by the judgment, where the referee fails to award costs in cases where they are discretionary.

This action was originally brought against the defendant and her husband; but her husband died, and the case was continued against her.

The material facts are substantially the same in both actions.

Appeal by the plaintiff in each action from parts of a judgment entered on the report of a referee.

*D. C. Hyde*, for appellant.

*W. M. Bates*, for respondent.

MACOMBER, J.—The plaintiff, James Coddington, is the general assignee for the benefit of the creditors of John S. Bowen, and also assignee of a judgment recovered by the Traders' National Bank of Rochester, against John S. Bowen.

Certain real estate passed to the assignee for the benefit of the creditors of John S. Bowen, known as the mill property, situate in the village of Spencerport, N. Y. After

27

the assignment, the milling business was permitted to be continued by the county judge of Monroe county.

The property was finally sold by the assignee on the 17th day of February, 1880, and was bid in by Willis D. Rich, he being the highest bidder therefor. Subsequently Rich and wife conveyed the premises to the defendant, Eunice J. Bowen. Thereafter Eunice J. Bowen continued the business of evaporating fruit in the establishment known as the old Catholic church in the village of Spencerport, which was leased of one Thomas Cushman. This business was profitable mainly through the labor, energy and skill of the husband, John S. Bowen, who was the general manager of the enterprise.

In the action secondly above entitled, the plaintiff is a judgment creditor of John S. Bowen.

Certain letters patent, of which John S. Bowen was inventor, had been transferred through other parties to Eunice J. Bowen, which the referee declared to be fraudulent as against creditors. In all other respects he has dismissed the complaint in each case.

The matters presented on this appeal are questions of fact wholly. The referee has found, as his conclusions, that the title of Eunice J. Bowen to the real estate described is good, and that it was obtained without fraud, and that the business carried on by her through the agency of her husband was legitimately and properly done, and that no right of action has accrued to either of the plaintiffs through any matter relating thereto. In this respect he seems to be supported by a clear preponderance of the evidence. It is true that the plaintiffs were compelled, as their counsel complain, to rely for the maintenance of their actions largely upon the testimony of parties in hostility to their claim.

Nevertheless, this evidence so adduced must be treated as reliable when not overcome by other proofs and as amply sufficient to sustain the judgment of the referee. The learned referee is manifestly correct in his conclusion as

stated in his opinion: that it is permissible to a wife to employ her husband to conduct her business affairs, and that the profits thereof inure to her benefit, and not to the benefit of her husband, so long as the parties are acting in good faith, and not for the purpose of defrauding creditors. Abbey v. Deyo, 44 N. Y. 343.

Inasmuch as no appeal has been taken by the defendant from the judgment, any consideration of the question arising out of the letters patent is rendered unavailing.

We observe, however, that in each of the cases the learned referee allows costs to the plaintiff to be paid from the proceeds realized from the sale of the letters patent, and not otherwise, and the residue, if any, which should be derived from the sale of the patent, to be applied upon the judgment held by each plaintiff. In neither report does he award costs to the defendant.

Yet in the Case of James Coddington, though no costs are allowed to the defendant Eunice J. Bowen in the decision, they are allowed to her in the judgment which was entered upon that decision. This sum is $307.47. It was discretionary with the referee to award costs to either party, but having failed to do so, it was not competent for the report to be added unto by the judgment, which seems in form to have been settled before him. To this extent the judgment should be modified.

In the Case of Theodore H. Coddington, the judgment follows the decision and is correct.

The judgment in the Case of James Coddington is corrected by striking therefrom the sum of $307.47 costs so the defendant, and as thus modified, affirmed, without costs to either party.

In the Case of Theodore H. Coddington, the judgment is affirmed, with costs to the respondent.

All concur.