MILWAUKEE HARVESTER COMPANY, Respondent, *v.* JOHN C. CULVER and CLARA D. CULVER, Appellants.

*Title taken in the name of a wife in fraud of creditors — when a question of fact.*

Upon the trial of an action brought by a judgment creditor of one John C. Culver to have it declared that a conveyance made by one Soule to Clara D. Culver, the wife of the said John C. Culver, was made with intent to hinder, delay and defraud the creditors of said John C. Culver, and that the same was void, and to have it adjudged that the said John C. Culver was the owner of said prem-

ises, it appeared that the conveyance in question was made to Clara D. Culver in May, 1890; that the sum of $900 on account of the purchase price has been paid by Clara D. Culver, and that an additional sum of $500 had been paid on account of the purchase.

The additional sum of $500, paid on account of the purchase of the premises in question, was derived from the moneys secured by a mortgage executed by the corporation to Mrs. Culver to secure a portion of the purchase price of a tract of land which in 1889 was conveyed to Clara D. Culver, who thereupon conveyed the property to the corporation which was subsequently organized, of which corporation John C. Culver was the promoter and became secretary ; and to the management of whose business it was understood that he should give his attention, which he did.

*Held*, that, assuming that the purchase was made by the wife, and that the property was hers in good faith as against the creditors of her husband, the fact that the husband undertook to and did give his time and services to her business would not prejudice her right to the property and its proceeds as against his creditors, or subject it or its proceeds to the payment of his debts; but if the wife was made the depositary of the title to the property as a device to enable the husband to carry on his business under such cover, to avoid the claims of his creditors, and with intent to defeat the collection by them of the debts against him, the property and the proceeds of the business so conducted by him might, as to his creditors, be treated as his for the purposes of a remedy in their behalf;

That although the transaction might have been made in good faith without any intent to defraud the creditors of the husband, and solely with a view to the creation of a separate estate for Mrs. Culver, the question was one of fact whether such was the sole purpose, and as there were circumstances which permitted the conclusion that the sole purpose and intent on the part of the husband, by the means employed, was to put the title in his wife to hinder, delay and defraud his creditors, a judgment in favor of the plaintiff would be affirmed.

APPEAL by the defendants, John C. Culver and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of December, 1894, upon the decision of the court rendered after a trial at the Monroe Equity Term.

The action was brought to have a certain deed made to the defendant Clara D. Culver declared void as against the creditors of the defendant John C. Culver.

*Charles A. Widener*, for the appellants.

*Arthur Warren*, for the respondent.

BRADLEY, J. :

The plaintiff, a judgment creditor of the defendant John C. Culver, charges that the conveyance of the title to certain premises on Monroe avenue, in the city of Rochester, was procured to be made to the defendant Clara D. Culver, and was taken by her in fraud of the creditors of the defendant John C. Culver, her husband. The conveyance was made by Wilson Soule to her in May, 1890. The consideration was $5,400, of which the sum of $1,400 has been paid. The trial court found as facts that the sum of $900 of that amount was paid by the defendant Clara D. Culver, and that the additional sum of $500 was paid by John C. Culver out of moneys belonging to him; that the money was so paid by him with intent to defraud his creditors, and that the deed was taken in the name of his wife as a device on the part of the defendants for the like purpose.

The conclusion of the court was that the defendant Clara D. Culver had an equitable lien on the premises to the extent of such payment made by her, and that, unless the amount of the plaintiff's judgment, with costs, should be paid, the premises should be sold subject to such lien and to that of the unpaid purchase money, and that the proceeds of the sale be applied to the payment of the plaintiff's judgment and costs.

In 1887, when the defendants came from Illinois to Rochester, the indebtedness of John C. Culver amounted to from $1,000 to $1,500. In November, 1889, a tract of land, known as the South Park Homestead tract, was conveyed to the defendant Clara D. Culver for the consideration of $13,000, expressed in the deed. Thereupon the South Park Homestead Association was organized and the defendant John C. Culver became its secretary. Mrs. Culver conveyed the tract to the association in December, 1889, for the consideration, as expressed in the deed, of $37,800, and took from the association a mortgage to secure the payment of $27,800 of the purchase money, the residue being the amount of a prior mortgage on the tract.

The evidence tends to prove that the $500 before referred to as paid on the purchase price of the Monroe avenue property was derived from the moneys secured by the mortgage on the Homestead Association property.

The question, therefore, is whether the conclusion was warranted that the money derived from that source might as to his creditors be treated as and was that of the defendant John C. Culver. He was the promoter of the purchase, although the option for it was taken by his brother J. Z. Culver. The purchase with the organization of the association in view, was a speculative enterprise. It was understood that John C. Culver should give his attention to the management of the business, and he did so. Assuming that the purchase was made by the wife, and that the property was hers in good faith as against the creditors of John C. Culver, the fact that he undertook to and did give his time and service to her business, and thus for the benefit of his wife relating to her separate estate, would not prejudice her right to the property and its proceeds, as against his creditors, or subject it or the proceeds to the appropriation by them to the payment of his debts. (*Abbey* v. *Deyo,* 44 N. Y. 343; *Coddington* v. *Bowen,* 24 N. Y. St. Repr. 832; 6 N. Y. Supp. 355.) But if the wife was made the depository of the title to the property as a device to enable the husband to carry on his business under such cover, to avoid the claims of his creditors, and with intent to defeat the collection by them of the debts against him, the property and the proceeds of the business so conducted by him might, as to his creditors, be treated as his for the purposes of remedy in their behalf.

At the time of the purchase of the South Park tract the wife had no separate estate other than the $900 put into the Monroe avenue property, nor did she personally take any active part in making the purchase of the South Park tract, and personally she did nothing in the business of its management  That was substantially controlled by her husband, and it appears by her evidence that she had but very little knowledge of the transactions resulting in the purchase of the property and the organization of the association. There is evidence tending to prove that the defendant John C. Culver in the outset contemplated making the purchase in his own name, with a view to the speculative enterprise, but that the views of his brother that the purchase should be made in the name of his wife, and that the husband should give his personal attention to the business, prevailed, and it was accomplished through or by the brother.

Although all this may have been done in good faith without any intent to defraud the creditors of the husband, and solely with a view to the creation of a separate estate for Mrs. Culver, the question, in view of the circumstances, was one of fact, whether such was the sole purpose, and the conclusion was permitted that the intent on the part of the husband by the means employed was to put the title in his wife to hinder, delay and defraud his creditors.

It may be observed that in the *Abbey* and *Coddington* cases before cited, the question of good faith, as against creditors, was treated as one of fact.  To the same effect is *Knapp* v. *Smith* (27 N. Y. 277).

Although the husband testified that the transaction was without any intent on his part to defraud his creditors, his relation to it was such as to bring his credibility in question.  And, as the wife paid no value for the South Park property, the question of good faith on her part as to that purchase, necessarily arises for consideration. (*Starin* v. *Kelly*, 88 N. Y. 418.)

The finding of the trial court that the defendant John C. Culver was insolvent at the time of the conveyance in question to Mrs. Culver, has the support of the evidence.

While the burden was with the plaintiff to prove that the sum of $500 in question was, as to his creditors, the money of the husband (and that was dependent upon his intent to defraud them by the cover of the transaction from which such money was derived), there were circumstances made to appear by the evidence which would permit a conclusion to that effect.  And the result reached seems to have the support of the evidence in the view which the trial court may properly have taken of it.

The judgment should be affirmed.

LEWIS, WARD and DAVY, JJ., concurred.

Judgment affirmed, with costs.

NOTE.— The rest of the cases of this term will be found in the next volume, 90 Hun.—[REP.